## Cumberland Valley Railroad Company
### *versus* Myers.

1. A conductor of private freight cars not in employ of a railroad company, at the request of the (company's) conductor of the train, cut loose the cars following his own, fell off the train and was injured. The court charged that "if the injury was not caused by drawing the bolt, but by the negligence or misconduct of the engineer in increasing the motion of the cars with a violent, unnecessary and unusual jerk, after the plaintiff had resumed his proper position on the car, such as he could not anticipate and guard against, he might recover." *Held*, not to be error.

2. The plaintiff, after performing the duty he voluntarily undertook, having resumed his proper place as a passenger, became entitled to the protection which such relation gave him.

May 15th 1867. Before WOODWARD, C. J., THOMPSON, and AGNEW, JJ. STRONG, and READ, JJ. absent.

Error to the Court of Common Pleas of *Cumberland county*.

This was an action on the case brought to August term, 1861, by Nicholas A. Myers, against the Cumberland Valley Railroad Company, for injury received by the plaintiff, as he alleged by the negligence of the defendants' agents.

The plaintiff was the conductor on the freight train of Henderson & Myers, and on the 4th of February 1860, the defendants were by their engine drawing these cars: immediately behind Henderson's, were cars belonging to Mr. Bryson, which were to be delivered at his switch at Mechanicsburg. There was evidence that at the request of the company's conductor of the train, Myers consented to cut Bryson's cars loose at Mechanicsburg: when the train came to the place where the cars were usually cut loose, the engineer slackened the speed, and Myers, on a signal from Bryson's conductor, who was on the hinder part of Bryson's cars, drew the bolt which coupled the cars, gave a signal to the engineer, who moved on. Myers was thrown off, and Bryson's cars coming up of their own speed, ran over him and injured him. There was evidence also that the engineer "jerked suddenly, more so than usual,"—that the engineer "was more reckless than other engineers,"—that he did not answer Myers's signal, which is usually done on other roads;—but seldom on the defendants' road.

The defendants submitted a number of points, all which were affirmed but the 4th, which is as follows:—

"The voluntary agreement of the plaintiff, Myers, to perform the duty of drawing the bolt and running Bryson's cars into the siding, placed him in the character of an employee of the company, so that he is not entitled to recover in this action."

To this point the court (Graham, P. J.) answered:—

"We answer this in the affirmative; if you find that the injury

[Cumberland Valley Railroad Co. *v.* Myers.]

was occasioned by reason of Myers's agreement to draw the bolt and detach the cars of Mr. Bryson from the train. But if his drawing the bolt in nowise contributed to or caused the injury, if after performing that duty he had resumed his proper position on the platform of his car, and the injury was wholly occasioned by the negligence or misconduct of the engineer, in increasing the motion of the cars with a violent, unnecessary and unusual jerk, such as Myers had no reason to anticipate or guard against, then the plaintiff may recover. But if the act of drawing the bolt in any manner contributed to the injury, or Myers's negligence or neglect to guard against the customary and usual jerk which is necessarily produced by increasing the motion of the train, then the plaintiff cannot. recover. If there was mutual negligence or want of proper and ordinary care on the part of Myers and the engineer, then there can be no recovery."

The verdict was for the plaintiff, for $2550, and on removal of the case to the Supreme Court, the answer to the 4th point was assigned for error.

*Watts* and *Parker*, for plaintiffs in error.

*H. Newsham* and *H. W. Miller*, for defendant in error, cited Sedgwick on Dam. 29, 30, 38, 39; Bussy *v.* Donaldson, 4 Dall. 206; Rockwood *v.* Allen, 7 Mass. 254; N. Jersey Railroad *v.* Kennard, 9 Harris 207; Railroad *v.* Aspell, 11, Id. 149.

The opinion of the court was delivered, July 3d 1867, by

AGNEW, J.—The question now presented is not the same as it was when this case was here before. The error which the court below then fell into was in instructing the jury in substance that the plaintiff could recover: notwithstanding his own fault, want of skill or awkwardness, and notwithstanding there was no negligence or unskilfulness on the part of the engineer, if the mode of detaching the cars was unnecessary and a useless exposure of person. But on the second trial the judge avoided these objections and answered all of the defendants' points in the affirmative without qualification; excepting the last point, which was qualified by instructing the jury that if the injury was not caused by the drawing of the bolt, but by the negligence or misconduct of the engineer in increasing the motion of the cars with a violent, unnecessary and unusual jerk, such as the plaintiff could not have anticipated, and if this occurred after Myers had resumed his proper position on the platform of his car, the plaintiff might recover. We discover no error in this qualification. Myers was requested by the conductor of the train to cut loose Bryson's cars at his station, by drawing the coupling bolt. The engineer slackened the speed of the train; and after drawing the bolt, Myers

5 P. F. SMITH—19

[Cumberland Valley Railroad Co. *v.* Myers.]

stepped to the side of the car with it in his hand, and held it out, showing it to the engineer, to let him see that the cars had been cut off. The engineer, who was proven to be a quick, impulsive and somewhat reckless man, suddenly let on steam, started the train with a violent jerk into quick motion, which threw Myers off upon the track, where he was overtaken and badly injured by the cars following up by their own speed. Clearly it was a question of fact for the jury to decide whether Myers at this time had fully accomplished the special duty he had undertaken to perform and had resumed his position upon the platform of his own car, and whether being in this position his being thrown off and injured was caused by the negligent act or misconduct of the engineer. Assuming according to the former opinion that Myers took upon himself the risk of the act he undertook to perform, there is nothing in his case demanding him to be held to very strict presumptions. He did an act of mere accommodation at the request of the conductor without hire or reward, and as soon as he had performed it and resumed his proper position as a passenger on the train he became entitled to the protection which such a relation gave him, and a jury would not be called on to discriminate against him with an unfriendly eye. If satisfied upon the evidence that the injury was caused by the misconduct of the engineer after he had substantially performed the duty and resumed his position, the railroad company, and not he should suffer for the mismanagement of the train by their own employee.

The judgment is affirmed.