J. F. Sowash *v.* The Consolidated Traction Company, Appellant.    Mary E. Sowash *v.* The Consolidated Traction Company, Appellant.

*Negligence—Street railways—Province of court and jury—Evidence.*

In an action against a street railway company by a passenger to recover damages for personal injuries, the case is for the jury where there is evidence that a portion of the track was torn up so that it was necessary to transfer the passengers from the car in which they had been riding to one some distance ahead; that when the plaintiff, a woman, was about to leave the car the motorman opened the front door of the car and invited her to leave the car by that way; that she followed his directions and descended to the ground from the steps of the front platform; that the ground was broken and the night dark, and that within a very few steps she caught her foot in some way, fell to the ground and sustained injuries.

Argued Nov. 3, 1898. Appeal, No. 70, Oct. T., 1898, by defendant, from judgments of C. P. No. 3, Allegheny Co., Feb. T., 1897, Nos. 225 and 226, on verdicts for plaintiffs. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before KENNEDY, P. J.

At the trial it appeared that Mary Sowash, wife of J. F. Sowash, was a passenger on one of defendant's cars about seven

o'clock in the evening of October 1, 1896. After alighting from the car of the front platform, she took a few steps, fell and sustained injuries. At the place where the accident occurred the defendant company was reconstructing its tracks with a view of changing the mode of operating its cars from a cable line to electricity. The plaintiff's version of the accident is stated by the court in its charge as follows :

One of the plaintiffs, Mrs. Sowash, on the evening of October 1, 1896, boarded a car on the corner of VanBraam and Forbes streets in this city, for the purpose of going to her home in the East End near Point Breeze. The line that was then operating the cars on Forbes street was a line also belonging to the defendant company, but in her journey home it was necessary for her to change cars at the corner of Fifth avenue and Craig street, which she did, as she tells us, and was transferred to the Fifth avenue line.

After proceeding on that line to a point, as the testimony shows, between Bellefonte street and Ivy street, it was necessary to make another transfer of the passengers from one car to another. The track at that point was torn up. The plaintiff alleges that, reaching that point mentioned. the conductor announced that it was necessary to make this transfer of the passengers to another car which stood upon the track some distance ahead of the one in which the passengers then were. She further alleges that after this announcement by the conductor, the motorman, who was in the front end of the car, opened the door and invited the passengers to come out of the car for the purpose of making the transfer, out of the front end of the car instead of the rear, which would have been the ordinary and usual mode of transfer. The plaintiff alleges that the street, upon that side of the track, was obstructed by paving stones and ties, and other material there upon the track, and that they could not well alight upon that side, and that therefore the motorman invited them to come to the front of the car to alight, and proceed to the other car which was on the track above. The plaintiff further alleges that in response to the request or invitation of the motorman, she, with the other passengers, proceeded to the front end of the car, stepping down from the car into the street, between the tracks, or

between the rails of the other track belonging to this line, which had been excavated, and was in a state then of incompletion; that stepping into that, she alleges that the place was dark, and that she could not see readily the condition of things there, and stepping into this place she started to go up the track to take the other car, when her foot caught between the two tracks, and she was thrown down and received injuries from the fall.

Defendant's fourth point and the answer thereto were as follows:

Under all the evidence plaintiffs cannot recover, and the verdict must be for the defendant.  *Answer:* Refused.

Verdict for J. F. Sowash for $2,500, and for Mary E. Sowash for $4,000.   Defendant appealed.

*Error assigned* among others was above instruction, quoting it.

*George C. Wilson,* with him *Wm. D. Evans* and *M. W. Acheson, Jr.,* for appellant, cited Wagner v. Ry. Co., 158 Pa. 419; Dickson v. Hollister, 123 Pa. 421; Ry. Co. v. Taylor, 104 Pa. 306.

*David S. McCann,* with him *J. L. Ritchey,* for appellees, cited on the question of defendant's negligence: Rhoads v. Lancaster Avenue Imp. Co., 116 Pa. 377; Gilmore v. Philadelphia & Reading R. R., 154 Pa. 375; Carrico v. W. Va. Cent. & Pa. Ry., 35 W. Va. 389; Wood on Master & Servant, 624; 1 Jaggard on Torts, 234; Burnes v. Kansas City, Ft. S. & M. R. R., 129 Mo. 41; Alabama Midland Ry. v. Martin, 100 Ala. 511.

PER CURIAM, November 14, 1898:

In the court these were two cases consolidated into one and tried at the same time and before the same jury, the plaintiffs being husband and wife.   There was evidence that the motorman opened the front door of the car and invited Mrs. Sowash to leave the car from the front platform.   She testifies that she followed his direction and descended to the ground from the steps of the front platform.   The ground was broken and the night was dark, and the plaintiff testifies that within a very few steps she caught her foot in some way and fell to the ground and sustained her injuries.   As there was no proof of

any contributory negligence on her part, if the jury believed her story, she was entitled to recover and her husband also. The case must necessarily have been submitted to the jury, and could not have been taken from them without error.

The judgments are affirmed.