# Cramer *v.* Aluminum Company, Appellant.

*Negligence—Master and servant—Dangerous machinery—Unguarded cog wheels—Act of May 2, 1905, P. L. 352—Contributory negligence—Case for jury.*

1. In an action by an employee against his employer to recover damages for the loss of certain of his fingers caught between the cog-wheels of a shearing machine, the case is for the jury where it appears that the defendant had not guarded the cog-wheels as required by the Act of May 2, 1905, P. L. 352; that plaintiff when injured was engaged in the performance of his work in the usual manner pursued at the defendant's plant and in accordance with instructions received from defendant's foreman; that he knew of no better way to do it and in fact no better way was pointed out in the evidence, and that the hand rag which plaintiff had on at the time of the accident and which was the first thing caught in the cog-wheels was the usual protection worn by men engaged in the character of work being performed.

2. Where the issue of contributory negligence has been submitted to the jury, a finding in favor of the plaintiff will not be set aside unless, upon a review of the evidence in the light most favorable to the plaintiff, it is inconceivable that a mind desiring only a just and proper determination of the question could reasonably reach any other conclusion than that the plaintiff had brought about or contributed to the injury by his own carelessness. That is, after determining all doubts and drawing all inferences in favor of the plaintiff, it must be clear that he was guilty of contributory negligence before it can be so ruled as a matter of law.

*Evidence—Witness—Cross examination—Harmless error.*

3. The refusal of the trial judge to permit a plaintiff's witness to be asked certain questions upon cross examination for the purpose of showing the witness's bias is not ground for reversal, even though the ruling may not have been technically correct, if it appears from an examination of the whole body of the evidence that no material harm to the defendant's case could have resulted from such refusal.

*Negligence—Evidence—Manner of doing work—Reversible error.*

4. When the manner of doing a particular act is obviously negligent, testimony which goes to show that others have done it in the same way may be properly refused as irrelevant; but this rule was

held not to apply where the purpose of the evidence was to show the usual manner in which work was done in a particular mill, it appearing that the manner of doing the work could not be said to have been obviously negligent.

5. In an accident case it is not reversible error for the trial judge to refuse to allow a witness for the plaintiff to be asked on cross-examination the location of a scrap-box at which the plaintiff was working, where it appears that the witness had not located the box in his direct examination, that its location was not a point in dispute, and if it were that the location of the box was sufficiently fixed by other testimony in the case.

Argued November 5, 1912. Appeal, No. 80, Oct. T., 1912, by defendant, from judgment of C. P. Allegheny Co., Nov. T., 1909, No. 177, on verdict for plaintiff in case of Frank W. Cramer v. Aluminum Company of America. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

At the trial it appeared that plaintiff was injured on December 31, 1908, while working at a shearing machine in defendant's mill. The circumstances of the accident are stated in the opinion of the Supreme Court.

D. E. Swauger, a witness for plaintiff, was asked this question on cross-examination:

"Q. The fact is that you gave in your resignation just in time to avoid being discharged, didn't you?

"Objected to as incompetent and not cross-examination.

"Objection sustained.

"To which ruling of the court counsel for the defendant except.

"Exception allowed and bill sealed." (4)

"Q. Well, you were told that you had been sleeping on your post for one thing, weren't you? Weren't you charged with that by one of the officers of the company?

"A. Not that I know of.

"Q. And isn't it a fact that you were charged with

having gotten information out of the company's office, and put it through the mills in some improper way?

"Objected to as not cross-examination, and as totally improper in this proceeding.

"Objection sustained.

"To which ruling of the court counsel for the defendant except.

"Exception allowed and bill sealed." (5)

F. N. Hicks, a witness produced by plaintiff, was asked this question:

"Q. And what was the manner in which they removed the scrap, when the ends of the scrap protruded or extended over the ends of the boxes?

"Objected to as incompetent and irrelevant.

"Objection overruled.

"To which ruling of the court counsel for the defendant except.

"Exception allowed and bill sealed.

"A. They generally doubled the ends together.

"Q. And then what?

"A. Well, it depends whether the box is full or not. As far as I have seen of it, if the box wasn't full they would double the scrap together, and then take it out of that box and put it into the box on the truck." (6)

Harvey Stratton, a witness for plaintiff was asked this question:

"Q. How close was this scrap box, on which Mr. Cramer was working, to this shear?

"Objected to as not cross-examination.

"Objection sustained, on the ground that it is not cross-examination.

"To which ruling of the court counsel for the defendant except.

"Exception allowed and bill sealed." (7)

Defendant presented these points:

1. Under the pleadings and evidence in this case the verdict must be for the defendant. Answer. Refused. (2)

5. If the scrap box was under the cogwheels with the ends of the scrap sticking out of the box and striking against the cogwheels at or about the point of contact between the wheels, the plaintiff was bound to move the scrap box or take some other reasonable precaution against injury before taking hold of those ends of the scrap which were thus striking the cogwheels, and if he failed to take any such precaution he cannot recover. Answer. Refused. (3)

Verdict and judgment for plaintiff for $8,450. Defendant appealed.

*Errors assigned* were (1) refusal of motion for judgment for defendant n. o. v.; (2, 3) above instructions, quoting them, and (4-7) rulings on evidence quoting the bill of exceptions.

*William Watson Smith*, of *Gordon & Smith*, for appellant.—The evidence clearly disclosed that plaintiff was guilty of contributory negligence: Jones v. Caramel Co., 225 Pa. 644; Smith v. Brown, 229 Pa. 147; Cracraft v. Limestone Co., 210 Pa. 15; Eisenberg v. Fraim, 215 Pa. 570; Long v. Folwell Bros. & Co., 228 Pa. 314; Greiser v. Eddystone Mfg. Co., 227 Pa. 375; Zuraw v. Hammermill Paper Co., 232 Pa. 544.

The partiality of a witness for one party or side or his prejudice against the other side is always regarded as bearing on the trustworthiness of his testimony: Greenleaf on Evidence (16th Ed.), 575, Sec. 450, note; Lenahan v. Pittston Coal Mining Co., 221 Pa. 626; Cameron v. Montgomery, 13 S. & R. 128; Batdorf v. Farmers' Nat. Bank, 61 Pa. 179; Beck v. Hood, 185 Pa. 32; Guckavan v. Traction Co., 203 Pa. 521.

*Rody P. Marshall*, with him *Thos. M. Marshall*, for appellee, cited: O'Rourke v. Construction Co., 21 Pa. Superior Ct. 52; Bennett v. Glass Co., 158 Pa. 120; Fegley v. Rubber Co., 231 Pa. 446.

OPINION BY MR. JUSTICE MOSCHZISKER, January 6, 1913:

The plaintiff lost the end of the first finger and the remaining three fingers of his right hand by having them caught between cogwheels on the side of a shearing machine while working at the defendant's mill, where he had been employed for about a month. In the performance of his duties he was obliged to collect metal scrap waste from boxes located in different parts of the plant, and he was so engaged at the time of the accident. The cogs which caused the injury consisted of one large and one small wheel,—the point of contact between the two being about fifty-eight inches above the floor, and the box from which the plaintiff was removing the scrap stood with one end close to these wheels; there was about four feet of space between this box and the truck to which he was transferring the scrap, and the plaintiff was obliged to turn from one to the other. While he was so engaged, a canvas-rag which he wore to protect his hand, in some way became caught in the cogs and his right hand was drawn in between them; these cogs were in plain view but were not guarded. The verdict was for the plaintiff; the defendant has appealed and contends that it should have been held as a matter of law that the plaintiff was guilty of contributory negligence, and that the trial judge committed error in certain rulings upon the evidence.

The evidence shows that the hand-rag which the plaintiff had on at the time of the accident was a usual protection worn by men engaged in the character of work performed by him; it further shows that the plaintiff was doing his work in the usual manner pursued at the defendant's plant and in accordance with instructions received from the defendant's foreman, and that he knew of no better way to do it; in fact no better way is pointed out in the evidence. While the exact terms of the instructions were not brought out in the testimony,

yet the plaintiff states that he did the work in the way that he was shown, "I done it the way he told me and the way he was doing it." At the time of the accident certain ends of the scrap were protruding out of the box, and the plaintiff was bending these ends back when his hand was caught. In answer to the question, "How did he show you to do the work when the ends protruded over the boxes?" he replied, "He said bend them over and put it back in." And in reply to the next question, "Is that the manner in which you were doing the work at the time you were hurt?" he said, "Yes, sir; it was for a fact." Although it appears that some of the scrap was rattling in the cogs at the time of the accident and that the plaintiff heard the noise, it is not clear that he tried to bend these pieces; so far as the testimony shows, it may be that he intended to put his hands upon pieces that were "sticking out from the box" but not upon those which were actually "rattling in the cogs." In other words, after reading the testimony, we cannot say that it is clear that this plaintiff put his hand upon pieces of metal rattling in the cogs and thus did his work in an obviously dangerous manner when he might have done it in another way. Nor is it clear that he could readily have moved the box containing the scrap away from the cogs, for the testimony indicates that obstructions were present which might have interfered with this course.

Where the issue of contributory negligence has been submitted to the jury, a finding in favor of the plaintiff will not be set aside unless, upon a review of the evidence in the light most favorable to the plaintiff, it is inconceivable that a mind desiring only a just and proper determination of the question could reasonably reach any other conclusion than that the plaintiff had brought about or contributed to the injury by his own carelessness. That is, after determining all doubts and drawing all inferences in favor of the plaintiff, it must be clear that he was guilty of contributory negli-

·gence before it can be so ruled as a matter of law. Here the fact that the defendant was negligent in not guarding the cogwheels as required by the Act of May 2, 1905, P. L. 352, was conceded; the plaintiff's contributory negligence was properly submitted to the jury and the issue was found against the defendant. Under the evidence presented it may well be that the injury to this plaintiff was brought about by some slip or accidental movement on his part not amounting to contributory negligence. "An injury from machinery open and uncovered, is not liable to occur, without the concurrence of some accidental or unexpected event, such as a slip or miscalculated move. And it is for that very reason ......that prudence requires proper safeguards to be supplied to prevent accidental contact with moving machinery": Fegley v. Lycoming Rubber Co., 231 Pa. 446.

One of plaintiff's witnesses was asked certain questions upon cross-examination for the purpose of eliciting testimony to show that he had been discharged from the defendant's employ, and thus to prove bias. The refusal to allow these questions is assigned for error. It is not necessary to determine whether or not these rulings were technically correct, for an examination of the whole body of the evidence satisfies us that no material harm to the defendant's case can have resulted therefrom. The witness had testified that one of the defendant's witnesses named Cochran, who stated upon the stand that he had seen the plaintiff's movements just before the accident, had admitted in his presence that the first he saw of the accident was when the plaintiff's hand was in the cogs. We say that the defendant's cause can have suffered no material harm from the rulings under consideration, for, in the first place, several other witnesses preceding the one in question had testified to the same effect, i. e., that they had heard Cochran make the admissions, and, in the second place, the testimony given by the latter concerning the movements of the injured man just prior to the accident, if believed by

·the jury, would not of necessity have convicted or even reasonably have tended to convict the plaintiff of contributory negligence.

When the manner of doing a particular act is obviously negligent, testimony which goes to show that others have done it in the same way may be properly refused as irrelevant; but admitting this general rule, we cannot say that reversible error was committed in allowing certain of plaintiff's fellow-workmen to testify that "When the ends of the scrap protruded over the ends of the boxes" and "the box was not full,......they would double the scrap together and then take it out of the box and put it into the box on the truck," for the purpose of showing the usual manner in which such work was done in the defendant's mill; for, as already stated, this manner of doing the work cannot be said to have been obviously negligent. As to the last assignment of error we need only say that the refusal to allow the question put to one of plaintiff's witnesses on cross-examination concerning the location of the scrap box at which the plaintiff was working, could have done the defendant no material harm. The witness had not located the box in his direct examination; furthermore, its location does not appear to have been a point in dispute, and if in dispute it was sufficiently fixed by other testimony in the case.

The assignments of error are all overruled and the judgment is affirmed.