## Hastings et al., Appellants, v. South Shore Railroad Co.

*Negligence—Railroads—Joint use of tracks by two companies—Death — Case for jury — Contributory negligence — Anticipating negligence—Judgment n. o. v.*

1. Where two railroad companies jointly use the same tracks, each is required to exercise reasonable care to avoid injury to the servants of the other.

2. Where a freight conductor of one company is killed while throwing a switch in the operation of his own cars, by a moving car of the other company, and the evidence tends strongly to show that the operation of such car was negligent, and there was nothing shown to put the deceased upon notice that the train which struck him was likely to approach, the case is for the jury.

3. In such case deceased was not required to anticipate negligence on the part of defendant.

4. Where the issue of contributory negligence has been submitted to the jury, a finding in favor of plaintiff will not be set aside unless, on a review of the evidence in the light most favorable to plaintiff, it is inconceivable that a mind desiring only a just and proper determination of the question could reasonably reach any other conclusion than that plaintiff had brought on or contributed to the injury by his own carelessness.

Argued October 13, 1921. Appeal, No. 132, Oct. T., 1921, by plaintiffs, from judgment of C. P. Allegheny Co., July T., 1914, No. 1695, for defendant n. o. v., in case of Gertrude Hastings and Harry Hastings, by their guardian, the Fidelity Title & Trust Co. of Pittsburgh, v. South Shore Railroad Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Trespass for death of plaintiff's father. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $8,125. The court entered judgment for defendant n. o. v.

*Error assigned,* inter alia, judgment for defendant n. o. v., quoting record.

*Fred Shoemaker,* of *Shoemaker & Knoell,* with him *I. L. Griffin,* for appellant.

*W. S. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 3, 1922:

The Pittsburgh & Lake Erie Railroad Company has, in Pittsburgh, a system of five tracks from Point Bridge westerly along the south bank of the river; the one furthest south being a siding called "Wightman's lead" and, from it, the other tracks are numbered 1, 2, 3, and 4; a switch track, extending down from the south, curves to the west and intersects the Wightman lead near the bridge, thence continuing westerly crosses over the tracks to the north, so that cars coming down on the switch track can enter the lead, or the main tracks, according as the switches are thrown.

Frank H. Hastings, the deceased, was conductor on a local freight train of the P. & L. E. R. R. Co., and, at about 6 o'clock p. m. of February 12, 1914, he put some cars in on the switch track near the bridge, and, in returning his engine to the main track, stepped down to throw the necessary switches. One was a ground switch located between the Wightman lead and track No. 1; and, as Hastings was stooping over and proceeding in the usual manner to throw this switch, he was struck and killed by one of the defendant's cars moving westerly on the Wightman lead. By some unexplained traffic arrangement, defendant was permitted a joint use of these tracks, and, on the occasion in question, one of its engines was shoving a train of seven or eight freight cars down the switch track near the bridge, thence around the curve and westerly on the Wightman lead. The train was moving six or eight miles an hour, without a man or light on the front car, and no warning was given of its approach. By reason of the curve or intervening buildings, the first car of the train did not come in sight of Hastings until within one hundred feet, while the rear car and engine did not round the curve until after the accident. It was such a train as very rarely used these tracks and the sound of its approach was drowned by the noise of other trains and the traffic upon the bridge. The deceased stood with his back to the Wightman lead

and, being a lock switch, it required his presence there an appreciable length of time, estimated at about one minute. At the trial of this suit, brought on behalf of Hastings' minor children, defendant submitted no testimony and the facts we have stated are as shown by plaintiff's evidence. The jury found for the plaintiffs, but later the trial court entered judgment for defendant n. o. v. on the ground of contributory negligence; and therefrom plaintiffs brought this appeal.

The case was rightly submitted to the jury and the entry of judgment for defendant n. o. v. was error. Defendant's negligence, in rapidly shoving its cars out into and along the siding, in the dusk of evening, without guard, light, warning, or any one placed thereon where he could look ahead, is so clear as not to require comment. Where two railroad companies use the same tracks each is required to exercise reasonable care to avoid injury to the servants of the other: Rheingans v. N. Y. C. & St. L. R. R., 236 Pa. 476; Kunsman v. Lehigh Valley R. R. Co., 10 Pa. Superior Ct. 1; Engle v. Penna. R. R. Co., 234 Pa. 305. See also Dutrey v. Phila. & R. Ry., 265 Pa. 215.

The rule as to when contributory negligence will justify the entry of judgment for defendant n. o. v. is well stated by the present Chief Justice in Cramer v. Aluminum Co., 239 Pa. 120, 125, as follows, viz: "Where the issue of contributory negligence has been submitted to the jury, a finding in favor of the plaintiff will not be set aside unless, upon a review of the evidence in the light most favorable to the plaintiff, it is inconceivable that a mind desiring only a just and proper determination of the question could reasonably reach any other conclusion than that the plaintiff had brought on or contributed to the injury by his own carelessness. That is, after determining all doubts and drawing all inferences in favor of the plaintiff, it must be clear that he was guilty of contributory negligence before it can be so ruled as a matter of law." See also Vannatta v. Cent.

R. R. of N. J., 154 Pa. 262; Edsberg v. Baldwin L. Works, 240 Pa. 614, 618. There was nothing to put the deceased upon notice that such a train was likely to approach and he was not required to anticipate negligence on part of defendant: Wagner v. Phila. R. T. Co., 252 Pa. 354. He is presumed to have used due care (Di Ordio v. Director Gen. of R. R., 270 Pa. 112; Nadazny v. Phila. & R. Ry., 266 Pa. 307), and it cannot be declared as a matter of law that this presumption is overcome by the evidence.

The right and duty of a workman upon the track are not to be measured by that of a traveler at a railroad crossing; the former must necessarily give attention to his work, and, while he must give heed to his own safety, he cannot be required to keep as constant a watch as the traveler: Van Zandt v. Phila., B. & W. R. R. Co., 248 Pa. 276. Hastings could not constantly watch out while he stooped to throw the switch, and, as the train ran the distance of its visible presence (one hundred feet) in less than twelve seconds, the fact it struck him does not necessarily show his default. Reasonable minds seeking for the truth might reach an opposite conclusion; it was therefore for the jury to decide: Di Ordio v. Director Gen. of R. R., supra.

Stoker v. Phila. & R. Ry., 254 Pa. 494, relied upon by the trial court, is not a parallel case. There Stoker, an employee of defendant, was not working on or near the track where he was struck, but merely walking across it and stepped in front of a moving car, which he could have seen and avoided. Moreover, that case disclosed no sufficient evidence of negligence on part of defendant. Bardis v. Phila. & R. Ry., 267 Pa. 352, also differs from the present case, in that plaintiff's work did not require him to be at or near the track where he was hurt, and, in addition, the evidence there failed to show negligence on part of defendant.

The judgment is reversed and the record is remitted to the court below that judgment may be entered for the plaintiffs upon the verdict.