# Furby, Appellant, *v.* Pennsylvania R. R.

*Negligence—Railroads—Passengers—When passenger loses status as passenger—Presumption—Res ipsa loquitur.*

1. An injury resulting to a passenger through any of the appliances of transportation raises a presumption of negligence against the carrier which it must rebut to escape liability.

2. But, if a passenger voluntarily leaves the train and premises of the carrier for a time, and goes upon the public highway, he loses his status as a passenger for the time he is away, and is entitled only to the same rights as any other person upon the highway.

3. Where a passenger, after a wreck and a resulting explosion under an overhead bridge which carried a public highway over the railroad, leaves her car, and, in walking over the bridge, falls through a hole caused by the explosion and is injured, the burden is upon her to prove negligence on the part of the railroad company.

4. In such case, the damages to the bridge by the explosion, was not an event the company was bound to anticipate, nor was it bound to anticipate that strangers would remove barriers which had been hastily placed on the bridge; nor could the company be held liable, where the evidence showed that it did all it could under the circumstances to protect the passengers.

Argued January 27, 1926. Appeal, No. 89, Jan. T., 1926, by plaintiff, from judgment of C. P. York Co., Jan. T., 1924, No. 102, for defendant n. o. v., in case of Harriet V. Furby v. Pennsylvania Railroad Co. Before Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Trespass for personal injuries. Before Ross, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff. Judgment for defendant n. o. v. See York Leg. Rec. 69. Plaintiff appealed.

*Error assigned* was, inter alia, judgment n. o. v., quoting it.

*W. F. Bay Stewart,* with him *Frederick B. Gerber,* for appellant.—Carriers are bound to guard the passengers from every danger which extreme vigilance can prevent: Meier v. R. R., 64 Pa. 225; Coyle v. R. R., 256 Pa. 496.

Slight proof only is required to justify a presumption of negligence: Del., L. & W. R. R. Co. v. Napheys, 90 Pa. 135.

Plaintiff did not forfeit her rights as a passenger: Dwinelle v. R. R., 24 N. E. 319-22; Clusman v. R. R., 9 Hun 618; Hulbert v. R. R., 40 N. Y. 145; Powell v. R. R., 220 Pa. 638.

Even if it should be determined that the plaintiff had ceased to be a passenger, the hole through which she fell, being upon the defendant's property, and the defendant having notice through its conductor of the danger, should have guarded it, and having failed to do so, was guilty of such negligence as to render it liable to the plaintiff for her injuries: Carr v. Fagan, 278 Pa. 587; Lindsay v. Traction Co., 83 Pa. Superior Ct. 274.

*Richard E. Cochran,* with him *George Hay Kain,* for appellee, cited: Morrison v. Davis, 20 Pa. 171; Schaffer v. Twp., 150 Pa. 145; Penna. R. R. v. Kerr, 62 Pa. 353; Hoag v. R. R., 85 Pa. 293; Bruggeman v. York, 259 Pa. 94; Hoke v. Light & Power Co., 284 Pa. 112; Passenger R. R. v. Trich, 117 Pa. 390.

OPINION BY MR. JUSTICE WALLING, March 15, 1926:

At about nine o'clock on the evening of June 7, 1922, the engine on defendant's northbound passenger train, known as the Buffalo Express, when four miles south of the City of York, jumped the track, causing its wreck and the derailment of several cars attached thereto. The rear end of the train, however, was not disturbed, except by a sudden stop. Miss Harriet V. Furby, the plaintiff, enroute from Florida to Canada, was a passenger in the rear coach, a sleeping car, and had dis-

robed for the night. Aroused by the accident, she quickly put on her stockings, shoes and a kimono and in response to a call for physicians stated she was a trained nurse, that being her profession, and then followed a passenger forward along or near the train to a place on the bank opposite the wrecked engine where the fatally injured fireman had been laid. A cursory examination satisfied her he was fatally hurt and she ordered him removed to the nearest hospital, which was done; and so was the engineer who had sustained less injuries. A public highway, extending along the west side of the defendant's right-of-way, turned and was carried over the railroad tracks by an overhead bridge, and the engine was wrecked so nearly under it that an explosion following the wreck seems to have thrown up some planks in the floor of the bridge, making an opening therein about five feet wide. After the engineer and fireman had been taken to the hospital, plaintiff returned to her car, put on her street clothes, left her suitcase, etc., in her berth, went out upon this public road and walked thereon practically the length of the train (8 cars) to the bridge, thinking, as she states, she might be of some further service, and fell through the hole and was badly hurt. To recover therefor she brought this suit and the jury found in her favor, but the court in banc entered judgment for the defendant non obstante veredicto; hence, this appeal by plaintiff.

The judgment was rightly entered. True, a common carrier must use the highest practical degree of care and diligence to protect its passengers. Moreover, an injury resulting to a passenger through any of the appliances of transportation, raises a presumption of negligence against the carrier which it must rebut to escape liability: Meier v. Pennsylvania R. R. Co., 64 Pa. 225; Del., Lack., etc., R. R. Co. v. Napheys, 90 Pa. 135; Phila. & Reading R. R. Co. v. Anderson, 94 Pa. 351; Clow v. Pittsburgh Traction Co., 158 Pa. 410. But plaintiff, by voluntarily leaving the train and premises of the defend-

ant and going upon the public highway, lost for the time, her status as a passenger and was entitled only to the same rights as any other person upon the highway. While this exact question may not have been passed upon in this State, it has elsewhere and with practical unanimity: Michie on Carriers, vol. 2, section 2138, states: "The relation of carrier and passenger ceases where a passenger, while awaiting the arrival of a connecting train, voluntarily leaves the premises of the carrier and is only resumed when he again enters the carrier's premises for the purpose of resuming his journey. In the interval, the duty owed to him by the carrier is merely such as it owes to the general public." See also Lemery v. Great Northern Ry. (Minn.), 85 N. W. 908; Southern Ry. Co. v. Stephens (Ga.), 98 S. E. 176; Du Bose v. Atlantic Coast Line R. Co. (S. C.), 62 S. E. 255; State v. Grand Trunk Ry., 58 Me. 176, 4 Am. R. 258; 10 C. J. 629; 6 Cyc. 542, note; Moore on Carriers (2 ed., vol. 2) 997; Elliott on Railroads (2 ed.) vol. 5, section 2411. In Keator v. Traction Co., 191 Pa. 102, 112, Judge DEAN says, in effect, that a street car passenger while walking a block in being transferred to another car, is not a passenger; and Cumberland Valley Railroad Company v. Myers, 55 Pa. 288, holds that one who temporarily leaves his place as a passenger, on returning thereto regains his rights as such. This is not the case of a passenger suddenly fleeing to avoid an impending danger, like a collision. The carrier's liability for the safety of the passenger continues, not only while the latter is on the vehicle of transportation, but while entering thereon or alighting therefrom; also while on property provided for the passengers' use, like platforms, waiting rooms, restaurants, etc. It is the physical fact that the passenger has gone beyond the carrier's property and control that severs the relation and this is not affected by the former's intention to return and resume the journey. There is nothing unlawful about a passenger's temporary absence, and, when he

returns, the former relation is resumed, but while away it does not exist.   Powel v. Phila. & Reading Ry. Co., 220 Pa. 638, holding that a passenger does not necessarily lose his status as such by crossing a highway in going from the train to the waiting station and that it is defendant's duty to have a safe walk for alighting passengers, is not analogous to the instant case.

The relation of a passenger being eliminated, defendant was required to use only ordinary care according to the circumstances (Carr v. Fagan et al., Receivers, 278 Pa. 587) and the burden of showing its failure therein was upon the plaintiff.   Here, her able counsel made his principal contest.   It was shown that, to avoid a grade crossing, defendant built the bridge in question and had maintained it for many years, and it was strenuously urged that regardless of how defendant damaged the bridge it was its duty to immediately and sufficiently guard it so as to protect the public.   The evidence fails to show negligence in this respect.   The damage to the bridge by the explosion was not an event that could have been anticipated; so defendant was not required to be prepared to guard it with barriers and red lanterns.   It had, at this point, a double track and both were blocked by the wreck, and the train crew, then consisting of but three or four men able to act, one had to go in each direction to signal oncoming trains, that work being more difficult because the tracks there were on a curve. They also had to give some attention to the passengers, of whom six were reported injured.   One of the crew had to visit the Brillhart tower some distance away and report the accident, also communicate with Baltimore to secure a wrecking train, etc.; so the train crew could not give undivided attention to the hole in the bridge. The conductor, however, went up on the bridge with his lantern and there remained, warning those approaching, until men who had gathered put up a barrier at the west end of the bridge and others were stretching a rope across at the east end; then he left to attend to other

pressing duties. He was not bound to anticipate that strangers would remove the planks, constituting the barrier, and place them across the opening in the bridge for people to walk upon, but that is what happened and resulted in plaintiff's fall, when she went upon the bridge an hour or an hour and a half after the wreck. So far as disclosed by the record, the train crew did all that could be expected, considering their limited number and the short time. Plaintiff's case depending on proof of negligence, which failed, judgment was properly entered for defendant (set Rugart v. Keebler-Weyl Baking Co., 277 Pa. 408), and it is not necessary to consider other features of the case.

The judgment is affirmed.