Damm *v.* East Penn Transportation Company, Appellant.

Argued November 12, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Ben Branch* and *William J. Wilcox,* with them *E. G. Hauff,* for appellant.

*Martin H. Philip,* for appellee.

OPINION BY STADTFELD, J., January 31, 1936:

This action was brought in trespass for personal injuries the appellee sustained. The case was tried upon an amended statement of claim to which no affidavit of defense was filed. The jury returned a verdict in the sum of $2,000. The defendant filed motions for a new trial and judgment n. o. v. The motion for judgment n. o. v. was refused. The motion for new trial was also refused on the condition that the plaintiff file a remittitur for all of the verdict in excess of $1,500. Plaintiff filed a remittitur of all the verdict in excess of the sum of $1,500 and in due course, judgment was taken in this sum, from which judgment the defendant has taken this appeal.

The facts are correctly stated in the opinion of the lower court by THOMAS, P. J., from which we quote as follows: "The plaintiff, George Damm, on April 16, 1934, at about 9:00 P. M., boarded a bus of the defendant company at Mauch Chunk, Carbon County, Pennsylvania, for the purpose of travelling to a small town west of Tamaqua known as Brockton, a distance of about 20 miles. The road travelled was a state highway. The plaintiff offered his fare to the driver in charge of the bus, but the driver advised the plaintiff that fares would be collected on a second bus to which the defendant would be obliged to transfer. The night was very dark. When the bus upon which the plaintiff was riding arrived at the bridge leading from Mauch

Chunk to East Mauch Chunk, the bus driver stopped the bus and went out on the highway and removed a barricade which was erected across the highway leading from Mauch Chunk to Nesquehoning and which highway was temporarily closed by the Commonwealth for vehicular traffic. The barred road, however, was used by the defendant company for its busses. After the barricade was removed by the bus driver, he proceeded along the closed public highway for a distance of several hundred yards to a locality known as 'The Liberties,' which is about half-way from the point where the barricade was erected at the bridge and the northern point of the highway, and about a half mile of which was closed for public travel on April 9, 1934. The road was under a state of reconstruction and repair by one H. S. Schaffer, who was under contract with the State Highway Department. The bus stopped at 'The Liberties,' and the operator of the bus told the passengers to get off the bus and to walk up to the next bus. There was only one other passenger besides the plaintiff. The bus driver did not warn the plaintiff and the remaining passenger as to the condition of the road or of the fact that a hole about 15 yards long, approximately 24 feet wide, and 10 to 12 feet in depth existed in the road. The plaintiff carefully walked along the road, being able to see one or two steps ahead. After walking for about a quarter of a mile, he fell into the above hole and suffered the injuries complained of. There was no barricade or fence about the hole, nor were there any danger lights or warning signals along the road, nor was the plaintiff advised and he did not know of the dangerous condition of the highway. After the plaintiff was extricated from the hole, he was placed on the transfer bus owned and operated by the defendant company, and paid his fare and arrived at his destination in Brockton."

The assignments of error relate to the charge of the

court and in overruling the motion ex parte defendant for judgment non obstante veredicto.

Appellant contends that the trial judge erred in charging the jury and in holding that the duty of the defendant (appellant) towards the plaintiff (appellee) was that of carrier to passenger.

The salient facts on which the lower court relied in overruling the motion for judgment n. o. v., are so well stated in the opinion that we quote therefrom as follows: "Under the facts in this case the highway was barricaded and a detour established for the purposes of public travel and when the defendant company used such portion of the highway as had been determined by the authorities 'not in use,' the defendant company was in the same position as if it had provided its own way and it knew, or should have known that this dangerous hole was in the highway and should have protected it by barricades or a light, or other warnings, so as to prevent passengers from being injured. There was no contributory negligence on the part of the plaintiff, and the defendant offered no evidence as to its care of the plaintiff while he was a passenger. He was a total stranger, and there was no evidence that he knew of the condition of the road. When he was told by the bus driver to transfer cars in order to pursue the continuous journey from one bus to another, under the circumstances such as shown in this case, the relationship of carrier and passenger continued throughout the necessary acts of transfer. Considering that the public authorities had closed the road, no duty devolved upon the Commonwealth, or any of its agents, to make the highway safe for travel, and the defendant company, disregarding the closing of the road made the substituted dangerous way its own, and the defendant owed the plaintiff the care due a passenger."

The principle, as recognized in most jurisdictions, is stated in 6 American Law Reports, 1301, as follows:

"The weight of authority is to the effect, when a passenger who is making a continuous journey alights from a street car for the purpose of making a transfer, the relation of the carrier and passenger continues while he is in the necessary act of making the transfer and the carrier owes to him the same high degree of care which it owes to passengers on board its cars."

Likewise in 10 C. J., p. 629, Sec. 1051: "...... Where a passenger temporarily leaves the car at a place not a regular stopping place, he, for the time, surrenders his relation as a passenger, unless he so leaves the car on the express or implied invitation of the company for some necessary purpose incident to the journey, such as for the purpose of going around a wreck, washout, or other obstruction, and taking another train or car. One who leaves a car for the purpose of avoiding a collision does not lose his right to protection as a passenger."

Appellant relies upon the case of Keator v. The Scranton Traction Co., 191 Pa. 102, 43 A. 86. In that case, the plaintiff was walking a city block in Scranton from one street corner to another to effect a transfer in the continuation of her journey. In transferring cars, she walked on a city sidewalk for the distance of a city block, and as she neared the connecting trolley car, she stepped from the sidewalk into the cartway and was then struck when 5 feet away from the car by a piece of the trolley pole which the motorman was then swinging about in his act of reversing the car. Mr. Justice DEAN, speaking for the court said, on p. 112: "She was not a passenger, while on the sidewalk going from one point to the other." Appellant relies on this quotation which was referred to by Mr. Justice WALLING in the case of Furby v. Penna. R. R., 286 Pa. 85, 132 A. 796. Whatever may be the force and effect of this statement, it was merely obiter dictum. In that case, plaintiff traversed an improved city sidewalk,

maintained for public use by a municipality, and as to that part of her journey, she was properly held not to be a passenger while going from one point to the other. The Court, however, held that she again became a passenger when the second car, which she was to take, arrived at the terminus and she commenced her journey on foot from the sidewalk across the street, to that car. Quoting further from the opinion of Mr. Justice DEAN, on p. 113: "In no sense is she one of the general public on the highway; she is at that point, at that particular juncture, because she could not receive the consideration of her contract, a passage to Mountain Lake, if she were anywhere else. If it were not for her contract, she would not be there at all. Surely, in such situation, under such circumstances, the carrier's duty to her was what it owed to a passenger, as much so, as if her injury had been caused by a rotten step on the car." In the instant case, plaintiff was walking on a dark public highway at night, which highway was then closed to the traveling public, but on which he was placed by the defendant and directed to walk to and take the other bus to continue his interrupted journey. In the Keator case, the sidewalk was open to pedestrians. In the instant case, notwithstanding that the highway was closed to the public, it was nevertheless adopted and wrongfully used by appellant as its thoroughfare. We do not think that the Keator case sustains appellant's position. On the contrary, it would seem to sustain the position of the appellee. In Swink v. Phila. Rapid Transit Co., 277 Pa. 220, 120 A. 827, the Supreme Court, in a Per Curiam opinion, held that the plaintiff continued as a passenger while walking from car to car, and cites the Keator case in support thereof, although plaintiff was, for other reasons, not allowed to recover. The Keator case is also recognized as supporting appellee's position, in the case of Lindsay v. Beaver Valley Traction Co., 83 Pa. Superior

Ct. 274. The plaintiff in that case was riding on the defendant's street car, and shortly after he was on the street car, it came to a stop. There were two or three street cars standing ahead of the street car in which the plaintiff was riding. The conductor suggested to the plaintiff to follow him and he would place him on a car ahead. Plaintiff followed the conductor to the street and walked up to an intersection where the cars had stopped at a switch. After a delay of an half hour and when the car at the switch was apparently ready to proceed, the plaintiff stepped from the sidewalk into the street to board it pursuant to the instructions of the conductor. The car proceeded at a high speed and plaintiff, seeing he could not board it, stepped back toward the curb. As he turned about, the rear end of the car struck him because the car "split the switch." The defendant contended, inter alia, that the plaintiff was not a passenger. This court affirmed the plaintiff's judgment and held the plaintiff to be a passenger.

In Sowash v. The Consolidated Traction Co., 188 Pa. 618, 41 A. 743, a street railway company was sued for damages for personal injuries received by the plaintiff. The plaintiff followed the motorman's instructions to transfer to a car ahead, the transfer being necessary because a portion of the track was torn up so that the street car could not continue. The plaintiff followed the motorman's instructions to walk ahead to another car and in following his directions, stepped from the front platform of the car to the ground and after she had walked a few steps, she caught her foot, fell and sustained injuries. The Supreme Court affirmed the judgment of the lower court, allowing a recovery. See also Powell v. Phila. & Reading Ry. Co., 220 Pa. 638, 70 A. 268.

In Killmeyer v. Traction Co. (Supreme Court of W. Va. 77 S. E. 908), the plaintiff was a passenger on the defendant's street car bound for Wheeling. While

enroute, the tracks were submerged with water and the plaintiff was directed to alight and proceed on foot to another of the defendant's cars which would take the plaintiff to his destination. The employee directed the course the plaintiff was to take (as in the instant case), and while walking to the second car, the plaintiff fell from a high wall and was injured. The defendant denied the plaintiff was a passenger while passing to the connecting car. The Supreme Court of West Virginia held the plaintiff's status to be a passenger, and said, in the syllabus by the court: "Where an obstruction prevents further passage of a car, and another is, by the carrier, substituted therefor beyond the obstruction, the duty imposed by law upon a carrier for the safety of passengers is not thereby suspended, but continues unaffected while, without negligence on his part, and in exercise of ordinary care for his safety, a passenger is engaged in an immediate effort to reach the substituted car. If a passenger, thus transferring to the second car, follows the course suggested or designated by employes in charge of the first, and without fault on his part, is injured thereon, such injury is not chargeable to his negligence, unless the danger of passage thereover is obviously apparent. One in transit from one car to another, substituted therefor because of an obstruction, remains a passenger, and entitled to the protection that the highest degree of care on the part of the carrier can afford under the circumstances."

The cases cited by appellant are readily distinguishable from the instant case.

Appellant further claims that plaintiff was guilty of contributory negligence and that defendant was therefore entitled to binding instructions.

While the testimony of Ciarvella, who accompanied plaintiff was to the effect that he warned plaintiff about the ruts or gutters in the road, there was no testimony that plaintiff was informed of the excavation into which

he fell. Plaintiff testified that the road appeared safe to travel. The testimony did not warrant the court in declaring plaintiff guilty of contributory negligence as a matter of law. The court submitted this question to the jury under proper instructions, concerning which no complaint is made. The jury found in favor of plaintiff. Every fact and inference properly deducible from the evidence must be assumed in favor of the plaintiff. Kramer v. Standard Steel Car Co., 281 Pa. 348, 126 A. 800. In the case of Hastings v. South Shore Railroad Co., 272 Pa. 212, 116 A. 155, p. 215, the Supreme Court said: "The rule as to when contributory negligence will justify the entry of judgment for defendant n. o. v. is well stated by the present Chief Justice in Cramer v. Aluminum Co., 239 Pa. 120, 125, 86 A. 654, as follows, viz: 'Where the issue of contributory negligence has been submitted to the jury, a finding in favor of the plaintiff will not be set aside unless, upon a review of the evidence in the light most favorable to the plaintiff, it is inconceivable that a mind desiring only a just and proper determination of the question could reasonably reach any other conclusion than that the plaintiff had brought on or contributed to the injury by his own carelessness. That is, after determining all doubts and drawing all inferences in favor of the plaintiff, it must be clear that he was guilty of contributory negligence before it can be so ruled as a matter of law.' "

We believe the case was properly disposed of by the lower court.

The assignments of error are overruled and judgment affirmed.