## Safranski *v.* Seman, Appellant.

*Negligence—Infant—Contributory negligence of parent—Question for jury.*

1. In an action to recover damages for the death of a child twenty-two months old, run down by a wagon recklessly driven in a lighted, but little frequented street, the question of the mother's contributory negligence is for the jury where it appears that the father of the child was a laborer, that the houses in the street where he lived had no yards, that the children in the neighborhood played in the street, that at the time of accident the mother of the child was sitting on a neighbor's doorstep with the child on her knee, that the child's attention was attracted to other children playing on the street, that the mother allowed her to go with them, and that shortly thereafter the child was run down by the wagon.

2. When a parent makes reasonable efforts to guard his child from danger, and the child escapes, and without the knowledge of the parent, goes into a place of danger, the question of contributory negligence upon the part of the parent is for the jury.

Argued April 27, 1909. Appeal, No. 152, April T., 1909, by defendant, from judgment of C. P. No. 2, Allegheny Co., April Term, 1906, No. 13, on verdict for plaintiff in case of Stanislaus Safranski v. John Seman. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for death of child. Before SHAFER, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $288. Defendant appealed.

*Error assigned* was refusal to enter judgment for defendant non obstante veredicto.

*Harry Diamond,* of *Diamond & Zacharias,* for appellant.— It was the duty of the trial judge to declare the mother guilty of contributory negligence: Johnson v. Railway Co., 160 Pa. 647; Glassey v. Ry. Co., 57 Pa. 172; Murray v. Ry. Co., 36 Pa. Superior Ct. 576; Karahuta v. Traction Co., 6 Pa. Superior Ct. 319; Sullenberger v. Traction Co., 33 Pa. Superior Ct. 12; Mahoney v. R. R. Co., 6 Phila. 242.

*C. W. Sypniewski,* for appellee.—The case was for the jury: Kroesen v. Ry. Co., 198 Pa. 26; Davidson v. Traction Co., 4 Pa. Superior Ct. 86.

OPINION BY ORLADY, J., July 14, 1909:

This action was brought to recover damages which resulted from the alleged negligence of the defendant's servant, in recklessly, carelessly and negligently driving the defendant's team on River street in the borough of Braddock, so as to run over the plaintiff's child, and causing injuries that resulted in the death of the child shortly thereafter.

The square in which the plaintiff's house is located is a short one, having buildings erected on one side only, and there is an open space on the other which forms the bank of the Monongahela river. There are no yards about these houses, and the children in the neighborhood generally play in the street, which is not much traveled. It was testified that one butcher comes there, and a number of wagons deliver beer on Saturday evenings, and at irregular times a rag man and grocers' wagons use the street. The accident happened on a Saturday evening between seven and eight o'clock. The plaintiff's family consisted of himself, his wife and one child. The father was at home. The mother had taken the child, twenty-two months old, to visit a neighbor and was nursing the child on her knee, when some other babies who were playing on the street attracted the child's attention, and the mother allowed her to go with them. In a very short time an open delivery wagon, drawn by one horse, came along and ran over the child. The father testified as follows: "There were some children playing in the street, and then when he, the driver of the wagon, got through unloading beer he turned his horse around, shook the lines, and instead of his horse trotting he went galloping past from Thirteenth to Twelfth street." The mother, who was an eyewitness, testified, "The children were on the other side of him, and he was running so dreadful fast, and just when we heard the noise, as he was running, one woman jumped up and said, ' Run, children, or he will run over you,' and then I jumped up and said, ' My God, he will run over all of them.' He went running terribly, a terrible speed, and never stopped to see anything, just went on." Other witnesses described his horse as going at a very rapid gait. The father and mother had a conversation with the defendant soon after the accident with reference to the speed of the horse, and when accusing the driver of reckless driving, the following conversation occurred: "I accused him of fast driving. I said if he had not driven at such speed, I said I could have got hold of my child and saved it, and he made a statement that he pays for the use of the street, and that his horse don't know how to travel slow."

There was considerable dispute as to whether it was dark or

not, and also as to the degree of traffic on the street. The court stated to the jury: "The mother was bound to take reasonable care of the child, according to the circumstances. It is true these are poor people, and did not have any place in their back yard for the children to play; but the children were not in this case playing·on the street without being watched, or supposed to be according to the plaintiff's account. The wife was out there with the child, supposed to be taking care of it, and it is a question for you whether or not you think, that under all the circumstances, considering the kind of a street it was and considering the time of day it was, the age of the child, and all other surrounding circumstances, whether she acted with reasonable care in allowing this child to run on the street as she did, because the evidence is that the child was hurt at the second door away from where she was sitting, some thirty feet or so away from the house. I say to you if that woman was not taking proper care of the child, under all the circumstances, then the plaintiff cannot recover, no matter whether the wagon was. going fast or not."

The negligence of the defendant must be conceded, if the testimony of the plaintiff's witnesses is to be relied upon at all, and the jury accepted their versions. The horse was evidently being driven at a rapid pace along a lighted street, on which children were playing, in disregard of such reasonable care as is exacted by the law. The defendant submitted but a single point, "Under all the evidence the verdict must be for the defendant," which was refused. The record presents but a single assignment of error, "The court erred in refusing to grant a motion for judgment for the defendant non obstante veredicto."

It is only in clear cases where neither the facts nor the inferences to be drawn from them are in doubt, that the court is warranted in withdrawing the question of negligence from the jury: Kroesen v. New Castle Elec. St. Ry. Co., 198 Pa. 26. The argument of the defendant is directed principally to the action of the court in submitting the question of contributory negligence to the jury. The decisions in this state are harmonious on this subject. Protection is a paternal duty. Entire failure to extend it must be negligence. Generally what is, and

what is not negligence is a question for a jury. When the standard of duty is a shifting one, the jury must determine the duty, as well as find whether it has been complied with: Glassey v. Hestonville, etc., Passenger Ry. Co., 57 Pa. 172; Davis v. Westmoreland Co. Ry. Co., 222 Pa. 356. A parent who sends a child of such tender age into a place of danger, without a protector, is conclusively presumed to be guilty of negligence and cannot recover in an action for its death caused by the very dangerous agencies against which he should have guarded the child. The degree of protection required of the parent being in proportion to the helplessness and indiscretion of the child, it follows that a high degree must be exercised during that period when the child is by law presumed to be incapable of appreciating and avoiding danger: Sullenberger v. Chester Traction Co., 33 Pa. Superior Ct. 12.

Many cases hold the parents to a very high degree of care in safeguarding their helpless children against manifest danger, but as stated by Judge RICE in Davidson v. Schuylkill Traction Co., 4 Pa. Superior Ct. 86: " Whether it was a negligent act or not depends upon the circumstances, some of which are in dispute. It is not negligence per se like the failure to stop, look and listen before crossing a railroad track. The case therefore is a proper one for the application of the well-established principle, that when the measure of duty is ordinary and reasonable care, and when the degree of care varies according to the circumstances, the case of negligence is always for the jury. When a parent makes reasonable effort to guard his child from danger, and the child escapes, and without the knowledge of the parent goes into a place of danger, the question of contributory negligence upon the part of the parent is usually for the jury: Lederman v. R. R. Co., 165 Pa. 118; Pitts., Allegheny & Manchester Ry. v. Pearson, 72 Pa. 169. Taking into consideration the facts of this case, the humble home of a laborer without any yard or protected playground, facing a street infrequently used, and on a river bank, the mother exercising her natural as well as her legal duty in having the child in her immediate care, and but for a mere moment relaxes her physical control of the baby to allow the child to play in her direct view out on an open

street, where a number of other children of the same and greater years were engaged in playing in the twilight of a Saturday evening. This case was clearly for the jury to determine the question of her contributory negligence. The inquiry is a pertinent one, What are parents so circumstanced to do with their young children? They cannot be kept continually indoors. They should have healthful exercise in the open air, and all that the most exacting can demand, is that reasonable care according to the circumstances, shall be applied to protect the child from injury, and as well as one who is exercising a lawful use of the street, from liability for injuries that could be avoided. As we held in Murray v. Scranton Ry. Co., 36 Pa. Superior Ct. 576, the situation of the parents, the character of their home, the weather, the health of the children, their manner of living, and all attending surroundings are elements to be considered in disposing of this mooted question. In cases of such character it is safer to have the conclusion of the jury, in light of all the circumstances, rather than to dispose of it as a matter of law, which is founded upon undisputed facts or conclusive inferences. The case was properly and carefully submitted to the jury by the trial judge in a charge which carefully defined the duty both of the driver and the parent. The assignments are overruled. The judgment is affirmed.