# Rapaport *v.* Pittsburgh Railways Co., Appellant.

*Negligence—Street railways—Infants—Contributory negligence of parents—Binding instructions.*

A mother who sends an unattended child of tender years across a street traversed by a double line of fast moving electric cars when she sees a car standing not more than 100 feet away and likely to start at any moment is guilty of contributory negligence and for the child's injuries sustained in consequence of being struck by the car the parents cannot recover damages from the street railway company.

Argued Oct. 14, 1914. Appeals, Nos. 88 and 89, Oct. T., 1914, by defendant, from judgment of C. P. Allegheny Co., Nov. T., 1911, No. 498, on verdict for P. Rapaport, plaintiff, in case of P. Rapaport and Israel Rapaport, by his next friend and father, P. Rapaport, v. The Pitts-

burgh Railways Company.    Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ.    Reversed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict for P. Rapaport for $2,000 and for Israel Rapaport, a minor, for $2,500 and judgment thereon. Defendant appealed.    The appeal from the judgment entered in favor of Israel Rapaport, the minor, was non-prossed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Richard C. Long,* with him *Clarence Burleigh and William A. Challener,* for appellant.—The mother was guilty of contributory negligence in permitting the child to cross the street in front of the trolley car: Glassey v. Hestonville, Mantua & Fairmount Pass. Ry. Co., 57 Pa. 172; Philadelphia & Reading Railroad Co. v. Long, 75 Pa. 257; Smith v. Hestonville, Mantua & Fairmount Pass. Railway Company, 92 Pa. 450; Cauley v. Pittsburgh, Cincinnati & St. Louis Railway Co., 95 Pa. 398; Westerberg v. Kinzua Creek & Kane R. R. Co., 142 Pa. 471; Gillespie v. McGowan, 100 Pa. 144; Pittsburgh, Allegheny & Manchester Railway Co. v. Pearson, 72 Pa. 169.

*Ralph P. Tannehill,* for appellee.—It is not negligence per se to permit a child of tender years to go upon a public street traversed by electric cars: Kroesen v. New Castle Electric St. Railway Co., 198 Pa. 30; Saxton v. Pittsburgh Railways Company, 219 Pa. 492.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1915:

This was an action to recover damages for injuries to

a minor child. Two verdicts were rendered, one in favor of the child for $2,500, and the other in favor of the parents for $2,000. Judgment was entered on each verdict and two appeals were taken by the defendant; but the first of these was not pressed, and a non-pros was entered. The judgment in favor of the parents is now before us and the question involved may be stated thus: Is a parent guilty of contributory negligence who sends an unattended child of tender age across a street traversed by a double line of fast moving electric cars, when the parent sees a car standing a short distance away and about to start?

The evidence produced by the defendant tended to show that the child suddenly darted from the pavement in front of the car and was hurt without any negligence on the part of the motorman. In deciding this appeal, however, we shall pay no heed to the testimony presented by the defendant, but confine our attention exclusively to that relied upon by the plaintiffs. In other words, for present purposes, we take the negligence of the defendant as conceded and look at the evidence in the light most favorable to the plaintiffs. When the case is thus reviewed, these facts plainly appear: P. Rapaport resided with his wife and family in the City of Pittsburgh on a street which was traversed by a double line of electric cars; on the evening of April 11, 1911, between seven and eight o'clock, "about dusk," when the street lamps were lighted, their boy, Israel, a child three and one-half years old, was on the front pavement of his parents' house; an older brother gave him a penny, whereupon he looked up to his mother who was sitting at the second story window and asked permission to cross to a candy shop on the other side of the street; although Mrs. Rapaport saw one of the electric cars of the defendant company standing not more, and possibly much less, than 100 feet away, yet she granted permission to this young child to cross the street; the mother was in charge

of the boy at the time and knew when she granted her permission that she was sending the child unaccompanied and without a protector across a street which was frequently traversed in both directions by rapidly moving electric cars; before Israel succeeded in clearing the second track he was struck and injured by the defendant's car.  In answer to the question, "Had you ever given him (Israel) money before that to go across to buy," the brother said, "Why, sure"; and he further testified that on such occasions the boy "would run across by himself."  This witness likewise stated that the car was running at full speed in front of their house, adding "usually there they always run that way there." The woman who kept the candy shop also was called as a witness by the plaintiffs, and said that Israel often visited her shop and that he always came alone.  The testimony upon the subject simply locates the car as standing "at" Hazel street, when Mrs. Rapaport granted Israel permission to cross to the candy shop.  There is nothing to show whether the car was at the near or far side of that street in its relation to the Rapaport house; but a plan of the locality which was admitted in evidence "by agreement of counsel," and which was treated as correct by both sides, indicates that, even though it was at the far side of Hazel street, the car was not more than 100 feet away, and if at the near side, of course, it would have been very much closer.

In Cramer v. Aluminum Co., 239 Pa. 120, 125, we recently said, "Where the issue of contributory negligence has been submitted to the jury, a finding in favor of the plaintiff will not be set aside unless, upon a review of the evidence in the light most favorable to the plaintiff, it is inconceivable that a mind desiring only a just and proper determination of the question could reasonably reach any other conclusion than that the plaintiff had brought about or contributed to the injury by his own carelessness.  That is, after determining all doubts and drawing all inferences in favor of the plaintiff, it must

be clear that he was guilty of contributory negligence before it can be so ruled as a matter of law." When we submit the present case to the test announced in the Cramer case, it is clear that the mother was guilty of contributory negligence; and the trial judge should have so held. Mrs. Rapaport must have known that the car at Hazel street was likely to start at any moment, and considering the testimony at bar as to the rate at which the defendant's cars usually ran by her house, she also must have known that it would probably take her little boy as long "to toddle to the track" as it would take the approaching car to run a square (Johnson v. Reading City Pass. Railway, 160 Pa. 647, 652). The evidence produced by the plaintiffs not only shows that they were habitually careless in permitting their child to cross this dangerous street, but conclusively demonstrates such an utter lack of due care at the very time of the accident that the contributory negligence of Mrs. Rapaport is apparent. No one case of this character rules another, for each stands on its own peculiar facts; but so far as the principles involved are concerned, on the point of the contributory negligence of this mother and its effect upon the rights of the parents to recover, in addition to the cases already mentioned, we refer to Glassey v. Hestonville, Mantua & Fairmount Pass. Ry. Co., 57 Pa. 172; Smith v. Hestonville, Mantua & Fairmount Pass. Ry. Co., 92 Pa. 450, and Westerberg v. Kinzua Creek & Kane R. R. Co., 142 Pa. 471.

The assignments of error are sustained; judgment is reversed and is here entered for the defendant.