## Watson *v.* Highland Grove Traction Co., Appellant.

*Negligence—Street railway — Death of infant — Contributory negligence of mother.*

Where a mother of a child five years old crosses a street congested with traffic, and on which are two street railway tracks, and leaves the child on the pavement, and subsequently after leaving a shop gives a signal of recognition to the child on the opposite pavement, and the child thereupon attempts to cross the street at a point between regular crossings, and is struck and killed by an electric car, the mother cannot recover damages from the street railway company, because of her contributory negligence.

In such a case the fact that the mother habitually allowed the child to go unattended on the streets was no justification for her negligence at the time the child was killed.

Argued April 30, 1917.   Appeal, No. 134, April T., 1917, by defendant, from judgment of C. P. Allegheny Co., April T., 1916, No. 1213, on verdict for plaintiff in

case of Carl Watson & Lottie Watson v. Highland Grove
Traction Company.  Before ORLADY, P. J., PORTER, HEN-
DERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.
Reversed.

Trespass to recover damages for death of child five
years old.  ·Before CARNAHAN, J.

The circumstances of the accident are stated in the
opinion of the Superior Court.

Verdict and judgment for plaintiff for $645.50.  De-
fendant appealed.

*Error assigned* was in overruling defendant's motion
for judgment n. o. v.

*A. M. Simon,* for appellant, cited: Pollack v. Penna.
R. R. Co., 210 Pa. 634; Johnson v. Reading City Pass.
Ry. Co., 160 Pa. 647; Glassey v. Hestonville, Etc., Pass.
Ry. Co., 57 Pa. 172; Cauley v. Pittsburgh, Cincinnati &
St. Louis Ry. Co., 95 Pa. 398; Woeckner v. Erie Elec-
tric Motor Co., 182 Pa. 182; Gress v. Philadelphia &
Reading Ry. Co., 228 Pa. 482; Darbrinsky v. Penna. Co.,
248 Pa. 503; Rapaport v. Pittsburgh Rys. Co., 247 Pa.
347; Westerberg v. Kinzua, Etc., R. R. Co., 142 Pa. 471.

*R. A. Hitchens,* for appellee, cited: Garris v. Bell, 253
Pa. 33; Myers v. Pgh. Rys. Co., 242 Pa. 502; Slavin v.
N. Cambria St. Ry. Co., 47 Pa. Superior Ct. 454; Evers v.
Philadelphia Traction Co., 176 Pa. 376; Karahuta v.
Schuylkill Traction Co., 6 Pa. Superior Ct. 319; Leder-
man v. Penna. R. R. Co., 165 Pa. 118; Jones v. United
Traction Co., 201 Pa. 346; Philadelphia & Reading R.
R. Co. v. Long, 75 Pa. 257; Del Rossi v. Cooney, 208 Pa.
233; Herron v. City of Pittsburgh, 204 Pa. 509; Parker
v. Washington Elec. Street Railway Co., 207 Pa. 438;
Harkins v. Pgh., Allegheny & Manch. Tr. Co., 173 Pa.
146; Daubert v. Del., Lackawanna R. R. Co., 199 Pa.
345.

OPINION BY ORLADY, P. J., December 13, 1917:

Robert Watson, a five-year-old son of the plaintiffs, was run over and killed by a street car of the defendant company on Fifth avenue, which is the principal thoroughfare in the populous manufacturing city of McKeesport; there were two car tracks on it. At the time this accident occurred the pavement, roadway and car tracks were used by the customary throng of pedestrians and vehicles to be expected on such a street at six o'clock in the evening, when the general traffic is augmented by the employees of mills and stores at the expiration of their day's work. The parents had resided in McKeesport for about nine years and were thoroughly familiar with Fifth avenue, having used it "hundreds of times." On the day of the accident the mother with the child and a friend went to a theatre which closed about five o'clock. They then visited four different stores and proceeded out Fifth avenue, and as they approached a fountain with which the child was familiar, he said, "Mamma, I want a drink," and started ahead of her on the pavement. The mother then told the child that she would cross to the other side of the street to get some butter, and cautioned him to "be careful." "He left go of my hand, as he had always done, and started ahead, just on a trot. It wasn't a run and it wasn't a walk, just like he had been in the habit of going." With her friend she crossed the street, attended to her errand and soon thereafter came out on the pavement, when she noticed the child about 100 feet distant from where she had left him; they exchanged signals of recognition while he was standing on the curb. She attempted to cross Fifth avenue to where the child was, but was prevented by street cars, automobiles and wagons moving in both directions. The child started to cross the street to his mother between the regular crossings, when he was struck by a street car, thrown on the fender, carried a short distance and then fell under the car, which was stopped after the front wheels had passed over his body and caused injuries which resulted in his

death. It is alleged by the plaintiffs' witnesses that the car was running very rapidly, that no gong or other signal was given as the car approached the child, and that it ran fifty or seventy feet after striking the child. The defendant's witnesses as positively testified that signals were given and that the car was running at the ordinary speed under the city regulations. The foregoing facts are taken from the testimony of the mother and her eye witnesses to this unfortunate accident. While everyone keenly regrets the unfortunate death of a child under such circumstances, yet, when a claim is made to recover damages for causing the loss of a life through negligence, our sole duty is to apply to the established facts the well recognized rules which have been frequently announced by our courts.

There cannot be any serious controversy as to the duty of parents in such a case, and taking the testimony of the mother in its most favorable light, no other conclusion can be reached than that her confidence in the child's ability to take care of himself on a busy thoroughfare, was most unfortunately misplaced. The fact that she had allowed him to be on the street alone on other occasions could not justify her in leaving him under the conditions she describes in this case. As was said in Sullenberger v. Chester Traction Co., 33 Pa. Superior Ct. 12, "The degree of protection required of the parent being in proportion to the helplessness and indiscretion of the child, it follows that the highest degree must be exacted during that period when the child is by law presumed to be incapable of appreciating and avoiding danger, while the child is under seven years of age." A parent cannot thus expose a child to such danger and not be guilty of contributory negligence. The security of the community and especially of children, demands the assurance of this doctrine. A parent owes to the child protection. It is his duty to shield it from danger, and the duty is the greater the more helpless and indiscreet the child is: Glassey v. Hestonville, Etc., Pass. Ry. Co.,

57 Pa. 172. The change in traffic on the highway from the old style wagons drawn by horses, and slow-moving street cars to the rapidly and more frequent moving street cars, and electrically propelled vehicles, emphasizes the duty of pedestrians to the exercise of care in proportion to the increased hazard, so that parents must take special precaution to safeguard their children from injury on the public streets when so occupied.

While the evidence in this case shows that the parents were habitually careless in allowing this little boy to be unattended on the streets, it cannot be any justification for such indifferent care of a child of such tender years. Such a permission to such a child cannot be anything short of negligence, and to give it a sanction of law could only result in a frequent recurrence of similar accidents resulting in an increased fatality, under the guise of legal permission to do a very injudicious and reckless thing: Westerberg v. Kinzua, Etc., R. R. Co., 142 Pa. 471; Rapaport v. Pittsburgh Rys. Co., 247 Pa. 347. The attempt of this five-year-old child to cross the congested thoroughfare between the regular crossings, was evidently a direct and perfectly natural answer to the mother's signal of recognition from the opposite side of the street, even though it was so crowded with vehicles as to deter her from making a like attempt. While negligence cannot be imputed to it, the negligence of the mother, which was the directing cause of the child's movement, is such as to bar a recovery by the parents. A pedestrian must use such care and caution as an ordinary careful and prudent person would exercise under existing circumstances, and greater care and caution is reasonably required of a pedestrian attempting to cross a street between the regular crossings, when automobiles and other vehicles are occupying the street, than is expected of a pedestrian while using a regular crossing. Crossings are prepared specially for pedestrians, and when an attempt is made to cross at another place special care must be exercised. It follows,

that the defendant's request for binding instructions
should have been affirmed.

The judgment is reversed.