# Gordon, Appellant, *v.* Philadelphia Rapid Transit Co.

*Practice, Supreme Court—Assignments of error—Excerpt from charge—Elision.*

1. Where an assignment of error is to a portion of the charge, the excerpt assigned for error must present completely the phraseology used by the judge in expressing the full thought under immediate consideration, and the appellant is not permitted to elide essential words.

*Negligence — Street railways — Collision of car with wagon— Speed—Pleadings—Declaration.*

2. In an action to recover damages for personal injuries caused by a collision between defendant's car, and a wagon which plaintiff was driving, where the defendant's evidence was in effect that the plaintiff's horse without warning suddenly "wheeled around" bringing the wagon directly in front of the moving car, and that the car stopped almost immediately after the impact, this latter fact not being denied by plaintiff, and undue speed not being alleged in his declaration or properly shown, the prior speed of the car, in determining the question of defendant's alleged negligence, is of no importance.

*Negligence—Charge of court—Assignments of error—Damages— Charge as to damages—Harmless error.*

3. Where in an action to recover damages for personal injuries the jury returns a verdict for defendant on which judgment is entered, assignments of error to portions of the charge of the court relating to special item of damages, are unimportant, and will not be considered by the appellate court in dismissing the appeal by the plaintiff.

*Practice, Supreme Court—Assignments of error—General exception—Special exception—Request for instruction.*

4. An assignment of error to matter which is not of a character which can be taken advantage of on a mere general exception, will not be considered, where the record shows that no special exception to the instruction was requested or noted.

5. Where an assignment of error complains because the trial judge said to the jury: "Plaintiff is interested in the case, but still he is entitled to testify," and the appellant contends that the instruction should have been differently worded, the assignment will

not be considered, if it appears that the appellant did not ask for the instruction which he desired in advance, or specially except to the charge because of its omission. Such complaint will not be considered on a general exception.

*Evidence—Competency of medical expert—Review.*

6. The question of the competency of a medical expert is for the trial court, and a ruling thereon will be reversed only when manifest error, or abuse of discretion, appears.

Argued March 27, 1919.    Appeal, No. 266, Jan. T., 1919, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1917, on verdict for defendant in case of Abraham Gordon v. Philadelphia Rapid Transit Company and Philadelphia Railways Company.    Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before MCMICHAEL, P. J.

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* are indicated in opinion of Supreme Court.

*Roland C. Evans,* of *Evans, Forster & Wernick,* with him *Abraham Wernick* and *I. G. Gordon Forster,* for appellant.

*Chester N. Farr, Jr.,* for appellee, was not heard.

OPINION BY MR. JUSTICE MOSCHZISKER, April 21, 1919:

Abraham Gordon, alleging that, while leading a horse attached to an ice wagon diagonally across a public highway in the City of Philadelphia, he was negligently run into and injured by a car of defendant company, sued to recover damages; a verdict was rendered for defendant and after judgment thereon plaintiff appealed.

The first assignment of error purports to excerpt a certain part of the charge, but omits from the body of the

quotation several words material to the thought which the trial judge voiced therein. When complaint is made against any portion of a charge, the excerpt assigned for error must present completely the phraseology used by the judge in expressing the full thought under immediate consideration, and appellant is not permitted to elide essential words. This assignment is dismissed.

The second assignment complains of instructions, in substance, that the speed of the car was not a controlling factor in determining the alleged negligence of defendant. Here again important words are left out of the excerpt from the charge; for instance, the trial judge first called attention to differences in the testimony on the question of speed, pointing out that this was important to the jury in determining whether they should "believe the motorman's account of the accident or plaintiff's." These instructions are entirely omitted by appellant, who quotes what follows to the effect that, since trolley cars have a right to run fast and the testimony depended upon by plaintiff shows no more than that the present car did so run, such testimony, in the opinion of the judge, need not be considered in deciding the question of defendant's alleged negligence; but he immediately added that the controlling point for decision was whether or not the motorman acted, under the circumstances, as "a careful man in the pursuit of his business should have done......, whether the motorman was careless or not," which also is omitted from the matter quoted by appellant. Because of these important omissions, and another, referred to later, the assignment in hand might be denied further discussion; but, as we shall show, there is no substantial merit in the complaint which it endeavors to plead.

If defendant's evidence is believed, plaintiff's horse, without warning, suddenly "wheeled around," bringing the wagon directly in front of the moving car, and the latter stopped almost immediately after the impact; of course, under these circumstances, prior speed of the

car is of no importance in determining the question of defendant's alleged negligence. On the other hand, according to plaintiff's version, the car started from a state of rest, some 240 feet away, when the wagon was actually on the track, and then, with the latter vehicle in plain view all the while, rapidly traversed this distance and forcibly collided with it; but, since the testimony relied upon by plaintiff contains no denial that, upon the impact, the car stopped practically at once, the only reasonable conclusion is, if there was any negligence on part of the motorman, this must be attributed to lack of proper manipulation of his car when it came up with the wagon, rather than to prior undue speed.

Moreover, plaintiff's declaration contains no charge of, or reference to, undue speed; and, while appellant calls attention to several statements of a general character to the effect that the car was running "very fast," none of these excerpts from the testimony shows even an attempt at an intelligent estimate of speed (Moses v. Northwestern Pa. Ry., 258 Pa. 537, 541); which latter omission, when we consider the pleadings and the undenied testimony on the other side, as to the immediate stop of the car at the place of the accident (Wolf v. P. R. T. Co., 252 Pa. 448, 450-1), was sufficient to justify the instructions here complained of.

Finally, in the excerpt now under discussion, appellant quotes these words: "I do say that the question of speed is not evidence of negligence," whereas an examination of the charge itself, as printed in the place indicated for that purpose by our rules, shows the words employed to be, "I do not say that the question of speed is not evidence of negligence. The elimination of the word "not" is the other omission previously referred to; and, as may be seen, it is a material one.

When all the trial judge's references to speed are considered, appellant's criticisms of the charge on that score are without substantial merit. and, if the present assignment were in due form, it might be overruled on this

ground; we shall, however, dismiss it as defective in the several respects already pointed out.

Under the third assignment, appellant once more criticizes instructions to the jury. Here again important words are omitted, which show that the quotation from the charge contained in this specification of error refers to a claim of damages for hernia, alleged to have been suffered by plaintiff as the result of the accident. Since the verdict shows the jury found no negligence on part of defendant, these instructions become unimportant; and the assignment is dismissed.

What we have just said is equally appropriate to the fourth assignment; for, while the trial judge stated, "If a man comes into court and tries to deceive you, he is not entitled to recover," it is plain, when this is taken with its context, the jury must have understood his meaning to be that, if they believe the plaintiff was endeavoring to deceive them as to the alleged hernia being due to the accident, he was not entitled to recover that item of damage. In fact, almost immediately after the part which plaintiff excerpts from the charge, the following words, to that effect, appear: "If plaintiff is not telling you the truth, and he had a rupture, or hernia, before, he is not entitled to recover for that." In addition, the trial judge pointed out several distinct items of damage, besides the alleged hernia, which plaintiff was entitled to recover, if the jury believed the accident due to defendant's negligence; but, as already said, it is evident the verdict is based upon a finding of no negligence, and, therefore, it may be assumed that, in their deliberations, the jurors never reached a consideration of the instructions on the measure of damages. This assignment likewise is dismissed.

The fifth assignment consists of a short excerpt from the charge, which, standing alone, fails to convey, or even suggest, a complete thought of any kind, either right or wrong; this, in itself, is enough to condemn the complaint. Moreover, it appears from appellant's argument

that the matter attempted to be alleged as error is not of a character which can be taken advantage of on a mere general exception; therefore, since no special exception to the instruction in hand was requested or noted, the assignment will be dismissed without further consideration.

The sixth assignment complains because the trial judge said to the jury: "Plaintiff is interested in the case, but still he is entitled to testify." Appellant contends the jury should have been told that, even though plaintiff was interested in the case, if they believed he was telling the truth, his story ought to be accepted. If plaintiff desired such instruction, he either should have asked for it in advance or specially excepted to the charge because of its omission; but he did neither, and his complaint will not be considered on a general exception: Sikorski v. P. & R. Ry. Co., 260 Pa. 243, 250.

The seventh assignment goes to the admission of testimony of a physician called by defendant. We have often said the question of the competency of a medical expert is for the trial court, and a ruling thereon will be reversed only when manifest error or abuse of discretion appears; which is not the present case. This assignment is overruled.

The eighth assignment, since it concerns plaintiff's alleged monetary damage only, need not be considered on this review, for reasons already pointed out.

The remaining assignments contain general complaints that the verdict is against the evidence, the weight of the evidence, and the law; these are overruled.

The judgment is affirmed.