552 COVER *v.* HERSHEY TRANSIT CO., Appellant.

*Negligence — Street railways — Bridge — Trespassers — Use of bridge by public—Erroneous charge.*

4. In an action against a street railway company for injuring and killing children trespassing on a bridge owned by it and occupied by its tracks, it is reversible error to submit to the jury as a fact that the bridge was occasionally used by pedestrians, as bearing on the motorman's negligence, where there is no proof whatever that the motorman had knowledge that people walked on the bridge, and the proof showed that the company had notices forbidding trespassing on the bridge posted at both ends thereof.

*Negligence—Damages—Evidence—Expert opinion — Discretion of court.*

5. The question of allowing expert medical opinion as evidence in an accident case, is one addressed largely to the discretion of the trial court.

*Negligence—Street railways—Infants—Contributory negligence of parents—Judgment n. o. v.—Case for jury.*

6. In an action to recover damages for the death of a child, where the question of the parents' contributory negligence has been properly submitted to the jury, and a verdict for the plaintiff has been returned, it is error subsequently to treat the question as one of law and enter judgment for defendant n. o. v.

7. The question of parental care, or lack of it, is one of fact, and usually for the jury.

8. Suffering small children to engage in dangerous work, or to go at large unprotected or to expose themselves to danger in presence of their parents, must be declared negligence as a matter of law, but the doubt, if any, should be resolved in favor of a jury trial.

9. The care required is only such as persons of reasonable prudence of the same class, and with the same means, ordinarily exercise and deem adequate to protect their children from danger.

10. It cannot be considered as a matter of law that parents are negligent who entrust the care of very young children to a boy thirteen years of age.

Argued May 24, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 33, May T., 1927, by defendant, from judgment of C. P. Dauphin Co., March T., 1923, No. 156, on verdict for plaintiff in case of Dorothy M. Cover, by her mother and next friend, Bertha Reeder, and

Bertha Reeder in her own right. Reversed with new venire.

Appeal, No. 35, May T., 1927, by plaintiff, from judgment of C. P. Dauphin Co., March T., No. 156, for defendant n. o. v., in case of Bertha Reeder v. Hershey Transit Co. Reversed and rule for new trial reinstated.

Trespass for the injury of one child and death of another. Before HARGEST, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff, Dorothy M. Cover, for $500 in No. 33, and judgment for defendant n. o. v. in No. 35. Defendant and plaintiff both appealed.

*Errors assigned,* inter alia, were judgments and admission of expert evidence, quoting record.

*F. Lyman Windolph,* with him *Herbert A. Schaffner* and *John E. Snyder,* for Hershey Transit Co.—The court below should have entered judgment in favor of defendant non obstante veredicto: Oil City, etc., Bridge Co. v. Jackson, 114 Pa. 321; Hojecki v. Ry., 283 Pa. 444; Leithhold v. Ry., 47 Pa. Superior Ct. 137; Trevethan v. Ry., 244 Pa. 414; Petrowski v. Ry., 263 Pa. 531; Bliss v. Ry., 234 Pa. 435; Hoffman v. R. R., 248 Pa. 62; Lumis v. R. R., 248 Pa. 189.

It is impossible to escape the conclusion that the conduct of Mrs. Meads presents a case of negligence on her part so gross and palpable as to suggest a wanton disregard of the safety of the children: Westerberg v. R. R., 142 Pa. 471; Pollack v. R. R., 210 Pa. 634; Rapaport v. Ry., 247 Pa. 347.

The negligence of Mrs. Meads, the children's caretaker, is imputable to Bertha Reeder: Gress v. Ry., 228 Pa. 482; Darbrinsky v. Penna. Co., 248 Pa. 503; Bamberger v. Ry., 95 Tenn. 18.

The right of action of Bertha Reeder is barred by reason of the negligence imputable to her: Glassey v. Ry., 57 Pa. 172; Kuehne v. Brown, 257 Pa. 37.

*George Kunkel* and *Daniel Kunkel,* for plaintiffs.— The great mass of cases on the subject indicates a strong disposition on the part of the courts to submit the case to the jury even where the evidence is strongly indicative of the culpability of the parent: Lederman v. R. R., 165 Pa. 118; Weida v. Twp., 30 Pa. Superior Ct. 424; Woodbridge v. R. R., 105 Pa. 460; Zimmerman v. Younker, 84 Pa. Superior Ct. 36; Buente v. Traction Co., 2 Pa. Superior Ct. 185; Herron v. Pittsburgh, 204 Pa. 509.

If it be assumed that Mrs. Meads was negligent in the care of the children, such negligence cannot be imputed to plaintiff: Gress v. Ry., 228 Pa. 482.

If it be assumed that Mrs. Meads was negligent in the care of appellant's children and that such negligence was imputable to appellant, nevertheless appellee by reason of the wanton and wilful negligence of its servants is liable: Indiana, etc., R. R. v. McClure, 26 Ind. 370.

It has been held that if an adult should place himself on the railroad where he has no right to be, but where the company is entitled to a clear track and the benefit of the presumption that it will not be obstructed, and should be run down, the company will be liable only for wilful injuries, or their counterpart, gross negligence, but if a child of tender years should do so, and suffer injury, the company would be liable for want of ordinary care: Phila. and Reading Co. v. Spearen, 47 Pa. 300; Alemento v. R. R., 255 Pa. 588.

OPINION BY MR. JUSTICE WALLING, June 25, 1927:

The defendant's electric railway, extending northerly from Elizabethtown to Hershey in Lancaster County, crosses the track of the Cornwall & Lebanon railroad by

an overhead bridge, the span of which is seventy-five feet long and is approached on either side by a trestle, that to the south being one hundred and fifty feet in length, and from it the track extends southerly on a fill for two hundred and forty feet. From the south end of the bridge to the south end of the fill, a distance of three hundred and ninety feet, the track is on a 4½ per cent descending grade and from there south for at least one thousand feet is on a 2½ per cent ascending grade. This track is crossed by a public road about 936 feet south of the bridge, at stop 13, but trolley cars only stop there on call. There is a straight track and clear view from this road to the bridge. The home of Mrs. Emma Reeder was located on the north side of this public road and west of the defendant's track. The minor plaintiff, Dorothy M. Cover, at the time in question four years old, and her brother Clarence, six, were living with Mrs. Reeder, their aunt. Their father was dead and their mother, who was employed in a hospital, paid Mrs. Reeder for their care. While away at work, Mrs. Reeder left the children in care of a married daughter, Mrs. Meads. Their home was in the open country and, aside from the near-by trolley track, apparently a safe place for children. At about 9 o'clock on the morning of March 25, 1922, Henry Cover, a cousin of the children, came to play with them. It was a bright morning and he asked leave to take the children down to Conewago Creek, about a quarter of a mile away, to reach which it was necessary to cross the track of the steam railroad at grade and through barbed wire fences, or by the street railway bridge. Mrs. Meads refused to let the children go and told them, as they had often been told before, to keep away from defendant's track. She went about her household duties and the three children soon went out to play. In perhaps an hour she requested her husband to go out and look for them, but as he did not do so she went and looked about the barn and along the trolley track and, not seeing them, returned to the house.

About the same time Mr. Meads saw the three children down in the meadow, as he thought coming home. Apparently they were then on the north side of the steam railroad track and, in place of crossing it at grade, they started to go over the trolley bridge and trestles, composed of girders, ties and rails. They passed over the north trestle and the bridge proper but as they were walking down the south trestle they were struck and thrown to the ground, a fall of over twenty feet, by one of defendant's northbound trolley cars. Dorothy was seriously and Clarence fatally injured. This suit, brought by the mother as next friend for Dorothy and in her own right, resulted in verdicts for plaintiffs. Judgment was entered on Dorothy's verdict, but as to the mother, judgment was entered n. o. v. for defendant; each side has appealed; they will be disposed of in one opinion.

It was a hazardous undertaking for any one to walk over this bridge, including the trestles, because there was nothing to walk on but the ties, and because of the impossibility of passing a car should one be encountered on the single track. The children were trespassers and the trial judge rightly charged the jury there could be no recovery except for a wilful or wanton injury: See McGinnis v. Peoples Brothers, 249 Pa. 335; Gillespie v. McGowan, 100 Pa. 144; Mulherrin v. Del., L. & W. R. R. Co., 81 Pa. 366. In this sense wilful means intentional, while wanton signifies a reckless disregard of the rights of others. To be wilful or wanton, the act must have been done with knowledge. In the instant case, to create liability the motorman must have known of the perilous position of the children in time to stop his car and neglected to do so. He says he first saw them when he was about twenty-five feet away and did his utmost to stop. If so, plaintiff's case failed. But, on the other hand, we have the facts of a bright morning and a straight track for nine hundred feet and the evidence that the children were coming down the trestle

in plain sight and the motorman looking in that direction with his back to the sun; also a long continued and unusual blast of the whistle as the car came toward the point of accident. The effect of the motorman's evidence was that coming up the grade as he was he could stop the car in thirty to forty feet. So under all the circumstances it was for the jury to say whether, after he saw the children, he could have stopped the car before striking them. If he could and neglected to do so it was a wanton act, for he knew the children had no other possible means of escape. If on seeing their perilous position he failed to exercise reasonable care to avoid the accident, his conduct was wanton within the meaning of the law: Petrowski et al. v. Phila. & R. Ry. Co., 263 Pa. 531, and cases there cited; also Hojecki et al. v. Phila. & Read. Ry. Co., 283 Pa. 444; Levin v. Traction Co., 194 Pa. 156; Phila. & Read. R. R. Co. v. Spearen, 47 Pa. 300, 304; 20 R. C. L. 143. This rule applies only where a plaintiff's perilous position is actually known to the defendant: Trevethan v. Phila. & R. Ry. Co., 244 Pa. 414. As there was no reason to anticipate the presence of trespassers on the bridge, the motorman's failure to make a timely discovery of the children, if true, would not be a wanton act, while negligently running them down after the discovery would be. Whether the motorman made reasonable effort to stop the car on seeing the children upon the track was for the jury. See Alamento v. Bessemer & L. E. R. R. Co., 255 Pa. 588.

Some evidence was offered of an occasional use of the bridge by pedestrians, but there was no proof that defendant had knowledge of such use, actual or constructive, so that branch of the case failed. The trial judge, however, inadvertently submitted this evidence to the jury as an element to be considered in bearing upon the question of defendant's negligence. He asked the jury to find whether the people had such a persistent habit of using this bridge for a walk as to bring home notice

thereof to defendant. This, as the trial court suggests in passing upon the motion for new trial, was not warranted by the evidence. As we cannot say it did not prejudice the rights of the defendant the fifth assignment of error should be sustained and a new trial granted. In the absence of knowledge that people ever walked there and in view of the fact that defendant had notices, forbidding trespassing thereon, posted at the outer ends of the trestles, the motorman was not bound to be on the watch for trespassers (Goudreau v. Connecticut Co., 84 Conn. 406, 80 Atl. 281), yet the instruction complained of permitted the jury to find he was, and may have tended to discredit his denial of seeing the children in time to prevent the accident.

Dorothy sustained a fractured skull, among other injuries, but there was no satisfactory evidence as to whether or not she was unconscious from the time of the accident until she reached the hospital. As that became a relevant question it was a competent matter for expert opinion, based on the apparent nature and extent of the injuries. In any event, the question of allowing opinion evidence is one addressed largely to the discretion of the trial court. See Gordon v. Phila. R. T. Co., 264 Pa. 461; also Howarth et ux. v. Adams Express Co., 269 Pa. 280. It is, however, unnecessary to discuss this matter in detail as the question may be presented differently at the next trial.

Referring to the appeal of the mother, Mrs. Bertha Reeder, the trial judge submitted the question of contributory negligence of the children's caretaker to the jury, who found for the plaintiff. The rule as to when judgment n. o. v. can be entered in such case, as stated by the present Chief Justice, in Cramer v. Aluminum Co., 239 Pa. 120, 125, is: "Where the issue of contributory negligence has been submitted to the jury, a finding in favor of the plaintiff will not be set aside unless, upon a review of the evidence in the light most favorable to the plaintiff, it is inconceivable that a mind desiring

only a just and proper determination of the question could reasonably reach any other conclusion than that the plaintiff had brought about or contributed to the injury by his own carelessness. That is, after determining all doubts and drawing all inferences in favor of the plaintiff, it must be clear that he was guilty of contributory negligence before it can be so ruled as a matter of law." Tested by this rule, the judgment was improvidently entered; for, waiving the question as to whether contributory negligence can be set up in answer to a wanton injury, because it was not raised in the lower court, the matter of such negligence was here properly submitted to the jury, and it was error to thereafter dispose of it as a question of law. This was in the open country, remote from the dangers of city streets, and where fresh air and sunshine are a child's birthright. There was no apparent danger, except the trolley car track, against which the children had been repeatedly warned. Mrs. Meads had not forgotten the children, in fact, she had been out looking for them, and her husband had seen them in the meadow within a half hour of the accident. It is not shown that any of the three children had before gone on the track. When Mrs. Meads missed them she might have thought and in fact did think of the track but not finding them there she might conclude they were safe elsewhere. The two younger children were with the thirteen year old boy, against whom nothing was shown, and it might not improperly be assumed he would look after them, although they were not in his care. It is common practice everywhere for children of that age to temporarily care for smaller ones and so far as we are aware it has never been held negligent as matter of law to suffer them to do so. In McKinney v. Baltimore & O. R. R. Co., 247 Pa. 217, the question of contributory negligence was held for the jury where small children were left with those thirteen years old and the same was held in P. & A. M.

Ry. Co. v. Pearson, 72 Pa. 169; and in Zimmerman et ux. v. Younker et al., 84 Pa. Superior Ct. 36, where a child four years old was left with one eleven. To like effect see Collins v. South Boston H. R. Co., 142 Mass. 301, 7 N. E. 856; Lindsay v. Canadian Pac. Ry. Co., 68 Vt. 556, 35 Atl. 513; Adams v. Metropolitan St. Ry. Co., 69 N. Y. S. 1117; Kennedy v. Hills Bros., 66 N. Y. S. 280, and other cases. The recent case of Dattola et ux. v. Burt Bros., Inc., 288 Pa. 134, considers the question of the contributory negligence of parents, and cites authorities, not necessary here to repeat, as to when it is and when it is not one for the court. We adhere to the conclusion there stated that the question of parental care, or the lack of it, is one of fact and usually for the jury. So much depends on the conditions and surroundings, that the question of the contributory negligence of parents or care-takers is, in a large majority of cases, of which the instant case is one, for the jury. Of course, suffering small children to engage in dangerous work or to go at large unprotected or to expose themselves to danger in presence of the parents, must be declared negligent as matter of law, but the doubt, if any, should be resolved in favor of jury trial. "The care......required ......is only such as persons of reasonable prudence of the same class and with the same means ordinarily exercise and deem adequate to protect their children from danger": Del Rossi v. Cooney, 208 Pa. 233. The error in the charge of the court, to which we have called attention, applies to both cases, and while it was error to enter judgment n. o. v. for defendant in the case of Bertha Reeder, we will direct the trial court to reinstate the rule for a new trial in her case.

In No. 33, May Term, 1927, appeal of the defendant from judgment in favor of Dorothy M. Cover, the judgment is reversed and a venire facias de novo awarded; and in No. 35, May Term, 1927, appeal by Bertha Reeder, plaintiff, from judgment entered for the de-

fendant n. o. v., the judgment is reversed and the trial court is directed to reinstate the rule for a new trial, that disposition may be made thereof in accordance with this opinion.