## Mackovitch et ux., *v.* Becker, Appellant.

*Negligence—Automobile—Collision with child—Death—Evidence—Contributory negligence—Duty of parent—Failure to call witness—Effect.*

In an action of trespass to recover damages for the death of a boy four years old, killed when struck by defendant's automobile, the evidence established that the child's mother, seated at her second story front open window, was watching the child play on the sidewalk in front of her house. On the opposite sidewalk a number of children were playing, including an eight year old daughter

of plaintiffs, who was not called as a witness. The mother saw the boy start across the street at a crossing, looked in the direction from which defendant's motor came and saw nothing approaching. She made no effort to stop him. The mother's view of the avenue in the direction of the approaching driver was unobstructed for 120 feet, while the driver's view was unobstructed for four squares. There was no traffic in the avenue, except a horse and wagon. The boy was struck when he reached a point a little beyond the centre of the avenue. There was evidence on the part of the plaintiff that defendant's automobile approached at a rate of thirty-five or forty miles an hour, without warning and stopped at an estimated distance of seventy feet after striking the child.

In such case the questions of defendant's negligence and of plaintiffs' contributory negligence were for the jury.

The circumstances in the life of the parents, the general character of the neighborhood, its street traffic at the time and the condition in which the other children were playing about, as described in the evidence, were especial considerations for the jury.

The fact that the mother was attempting to control the movements of the child from the second story window with a view of only 120 feet was not conclusive against the plaintiffs as a matter of law on the point of contributory negligence. The mother would have been equally powerless to prevent the accident if she had been seated on her front door step at the sidewalk.

The question of parental care, or the lack of it is one of fact and is usually for the jury.

The court properly refused to charge that plaintiff's failure to call their eight year old daughter gave rise to the presumption that she would not have corroborated the plaintiffs and their witnesses. There is a clear difference between inferences of fact which the jury may draw under such circumstances and the presumption of law which the request sought to have the jury apply.

Argued April 25, 1928. Appeal No. 37, April T., 1928, by defendant from judgment of C. P., Allegheny County, October T., 1925, No. 534, in the case of Joseph Mackovitch and Marie Mackovitch, his wife, v. Elizabeth Becker. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover for the death of a minor child. Before GRAY, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs in the sum of $2,000 and judgment thereon.   Defendant appealed.

*Errors assigned,* were to the charge of the court, answers to points and refusal of defendant's motion for judgment non obstante veredicto.

*W. Clyde Grubbs,* for appellant.

*Harry E. McWhinney,* and with him *Artemas C. Leslie,* attorneys for appellees.

OPINION BY LINN, J., July 12, 1928:

Parents have judgment on a verdict in trespass for the death of their four year old child.   Defendant contends here (1) that their contributory negligence bars recovery, but (2) if we should not so hold, that a new trial should be granted for misdirection concerning their failure to produce, or to account for the non-production of, a material witness.

Plaintiffs, in humble circumstances, with 4 children occupied 3 rooms and the cellar of a house in Pittsburgh on the east side of Spring Garden Avenue (33 feet between curbs), the house being located about 40 feet south of Homer Street (30 feet between curbs) which leads into but not across the avenue, and where, in the words of a witness, "there is a crossing there." The child's mother was seated at her second story front open window, watching this child play with a ball on the 10 feet wide sidewalk in front of her house. On the opposite sidewalk a number of children were playing, among them an eight year old daughter of plaintiffs; she was the alleged witness who was not produced.   The mother testified that this 8 year old daughter was "watching the little boy." The mother saw the four-year-old boy start across the avenue at or about the Homer Street crossing, and looked north on the avenue (the direction from which the defendant's

motor came), with a view of about 120 feet, and saw nothing approaching at the moment. She therefore permitted the child to cross, or at least made no effort to stop him. The avenue was straight for four squares and there was nothing to obstruct the southward view for that distance of the approaching driver, though plaintiff's view up the avenue beyond 120 feet was obstructed by a projecting house in front of which the sidewalk was only 6 feet wide. There was no other traffic in the avenue in that neighborhood except a horse and wagon approaching from the south, though, as the chauffeur said, "so many youngsters [were] running around on the pavement there playing." When the boy reached a point a little more than half-way across the avenue he was struck by defendant's south-bound motor, approaching at a rate of speed described by a witness as "close to 35 or 40 miles an hour," and, without warning (we must take the oral evidence most favorably supporting the verdict), the automobile stopping at an estimated distance of "70 feet or so" after striking the child. A passenger on the front seat of the car and also the defendant, on the rear seat, testified that they saw the child on the curb before or as it stepped into the street. The driver, with an unobstructed view of several squares, who saw children playing in the neighborhood (another child ran across the street, requiring him to stop his car a moment or two before this accident), should have had his car under such control as would enable him to stop, if necessary, at the intersection of Homer Street, where pedestrians would be expected to cross Spring Garden Avenue; whether that duty was performed was for the jury in the circumstances described in the evidence: McMonagle v. Simpers, 267 Pa. 117, 121; Frank v. Cohen, 288 Pa. 221.

So, too, (as is usually the case, Cover v. Transit Co., 290 Pa. 551, 560) whether the mother properly

cared for her child was for the jury; especially for its consideration in this case were the circumstances in life of the plaintiffs, the general character of the neighborhood and its street traffic at the time, and the conditions in which the other children were playing about as described in the evidence. The fact that the mother was attempting to control the movements of the four-year-old child from the second-story window with a view of only 120 feet up the avenue, is not conclusive against plaintiffs as a matter of law on the point of contributory negligence as appellant contends; the mother would have been equally powerless to prevent the accident ('so the jury may have reasoned) if she had been seated on her front door step at the sidewalk; it was the duty of the jury to apply the rule concerning contributory negligence, properly stated in the charge and supported by Dattola v. Burt, 288 Pa. 134, 136. This is not a case where a child was sent alone on an errand "which necessarily exposed it to perils which it had not the capacity to avoid" (Watson v. Traction Co., 68 Pa. Superior Ct. 332, relied on by appellant), for here the child was under the eye and subject to the voice of the mother, who, according to the verdict, permitted the child to enter the street with no traffic on it (which also distinguishes Rapaport v. Rwys. Co., 247 Pa. 347), for a distance easily sufficient to enable an approaching car under proper control to be stopped promptly, especially one approaching a street intersection. The applicable rules were considered at length in Safranski v. Seman, 40 Pa. Superior Ct. 219; Parznik v. Abbatoir Co., 284 Pa. 393, 396; Zimmerman v. Younker, 84 Pa. Superior Ct. 36; Dattola v. Burt Bros., 288 Pa. 134, 136; Cover v. Transit Co., 290 Pa. 551, 558.

The remaining complaint arises on plaintiff's failure to call as a witness their 8-year-old daughter, who was playing on the sidewalk opposite their residence, to join whom, it is supposed, the 4-year-old child was

crossing.    Appellant presented the following point for charge: ''The presumption is that if Margaret Mackovitch, the minor child of the plaintiffs, had been called as a witness by the plaintiffs, she, being a witness, standing on the sidewalk on the west side of Spring Garden Avenue, would not have corroborated the plaintiffs and their witnesses.'' The court properly refused it.  The difficulty with the point is in appellant's ambiguous use of the word presumption; there is no presumption of law to the effect stated in the point; the decisions clearly show the difference between the inference of fact which the jury may make from the failure to call witnesses in the circumstances under discussion and the presumption of law which it was improperly sought to have the jury apply in the proposed request for charge: Hall v. Vanderpool, 156 Pa. 152, 155; Green v. Brooks, 215 Pa. 492, 496; Albert v. P. R. T. Co., 252 Pa. 527, 535; Fisher v. P. R. T. Co., 274 Pa. 90, 92.  Instead of merely refusing the point, the trial judge said that ''the jury may consider the failure of either party to call in an available witness as affecting the testimony as presented, whether that might be favorable or unfavorable and whether the witness, if called, would have testified in contradiction to the case as presented by the parties, giving to that failure whatever effect the jury feels is proper under the circumstances.''  That instruction, while not complete on the subject under the cases cited, could not harm appellant.

Judgment affirmed.