Commonwealth Trust Company *v.* Heh, Appellant.

480

Argued April 28, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*William L. Jacob,* for appellant.

*Frank C. McGirr,* for appellees.

Opinion by Baldrige, J., July 10, 1930:

The plaintiffs are the owners of a lot of ground situate in the Tenth Ward, in the City of Pittsburgh, having thereon erected a dwelling house. The lot is in a block that is bounded on the east by Chislett Street, on which it fronts, on the west by Jancey Street, on the south by Bryant Street, and on the north by Vetter Street. All of the land in this block was formerly owned by Gustave Moll and Frank I. Rutledge, under whom the plaintiffs and the defendant claim title. The deeds to the plaintiffs and defendant, as well as to their predecessors in title, call for Swan Way, which is an alley common to all the lots which were laid out by Moll and Rutledge in that neighborhood and runs for quite a long distance. The land descended from the abutting line of the McFarren property toward the defendant's lot, creating a hollow

thirty-five or forty feet deep. This depression was filled by the defendant and six or eight houses fronting on Jancey Street were constructed. In November, 1927, the defendant, without any authority from the plaintiffs, cribbed with telegraph poles and filled to between five and five and a half feet above plaintiffs' lot that portion of Swan Way from Vetter Street up to and including the rear of plaintiffs' property at a width of about four feet less than the alley, and thus interfered with the natural flow of water therefrom and affected the access thereto.

This bill in equity was brought and the chancellor, after hearing, ordered that the present grade be reduced to conform to the grade not yet adopted by the City of Pittsburgh but recommended by the engineers of that city, which would reduce the grade at the northern end of the McFarren lot about one foot and at the southern end about six inches, and the payment by the defendant to the plaintiffs in the sum of $1,250 as damages.

This appeal raises for our consideration the question whether the owner of ground abutting on an alley dedicated to public use has the right to change the grade of the alley to the detriment of an owner of another lot abutting on the alley, without making compensation for damages.

Each of the owners of the lots abutting on Swan Way has the right to the reasonable use thereof without interference. Necessary repairs or improvements may be made provided others are not injuriously affected thereby. These privileges do not include the right of possession or to change the grade either by a fill or by excavation to such an extent as to inflict appreciable damages: Cain v. Aspinwall-Delafield Co., 289 Pa. 535. When one changes the physical attributes of an easement to the detriment of another lot owner's property, he subjects himself to damages. It makes no difference whether the defendant was acting

for himself or, as contended, for others. He cannot, either individually or as agent for other owners, ignore the plaintiffs' rights, nor can he justify the action on the theory that it is beneficial to all the properties. The plaintiffs have the privilege of determining what is and what is not to their advantage.

The appellant cites Hammond v. Hammond, 258 Pa. 51. In that case, a private easement was granted so that the dominant owner could go from his property to a public road. A bridge was built over a creek, which it was necessary to cross to reach the road, with the consent of the plaintiff, the servient owner. The plaintiff approved of and assisted in its construction. The sweeping away of the bridge by an extraordinary flood aggravated the damages sustained by the plaintiff and was the basis of his action for damages. Those facts are entirely different and do not control the case at bar.

It may be true that this hollow was used for dumping debris as alleged, for many years, but this complaint is based on the fill in the alley made by the defendant. He was not required to answer for the wrongs of others, but the plaintiffs are entitled to be paid for any injury sustained as the result of the defendant's action.

The defendant maintains that there was no competent evidence upon which to award damages in the sum of $1,250. There are two ways of ascertaining damages in cases of this character. If the injuries are temporary, the proper basis is the cost of restoring the property to its former condition; if they are permanent, damages should be shown by the diminution in the market value of the land: Thompson v. Traction Co., 181 Pa. 131; Rabe v. Shoenberger Coal Co., 213 Pa. 252; McClelland v. Schwerd, 32 Pa. Superior Ct. 313. The case seems to have been tried by both sides on the theory that the damages were permanent, and the chancellor so concluded. The testi-

mony upon the part of the plaintiffs as to the extent of the permanent injuries was meager, but we cannot say that it was so insufficient as not to support the award for damages.

Thomas J. Warr, real estate agent and appraiser for the Commonwealth Trust Company, called upon the part of the plaintiff, testified as follows:

"Q. I will ask you now as a real estate man what effect this fill in the alley would have on the McFarren property in regard to its value?

"A. To my knowledge, it would depreciate ......

"Mr. Jacobs: Just a minute, if the court please, I think this is objectionable for the reason that he has not been qualified as a witness.

"The Court: He has been on the stand before, Mr. Jacobs, and told who he was. I think he is qualified. However, you can take him for cross-examination if you wish at this time.

"Mr. McGirr: Q. Answer the last question.

"A. It would mean it would depreciate the property in a salable value in the neighborhood of $1,500, due to the cause of the erection of the garage. In other words to present it to a possible buyer they would object to it due to the grade of the alley.

"No cross-examination."

The defendant did not cross-examine the witness and we can but assume that he concluded that the witness was competent and that the testimony was admissible. Later, the same witness was called and his competency objected to when he placed the damages from $1,500 to $2,000. A motion was made to strike out his testimony and exception noted thereto, but the motion referred to the last testimony given and was confined to his competency and not to the admissibility of the testimony. If this motion had been granted, the former testimony would have remained of record. The witness showed, however, that he had knowledge of the property—its location, uses, and of

values in that immediate neighborhood, although he had made no sales. The question of competency of an expert witness is largely within the discretion of the chancellor and is only reversible where there has been a manifest error or abuse of discretion: Hershey v. Kerbaugh, 242 Pa. 227; Gordon v. Phila. R. T. Co., 264 Pa. 461; Hettrick v. Eby, 62 Pa. Superior Ct. 21. We are of the opinion that the witness was not disqualified, as he met the test that "value may be established by testimony of persons acquainted with the property and whose knowledge and experience qualify them to form an intelligent judgment as to its proper valuation": Coal & Iron Co. v. County Commissioners, 229 Pa. 460; Penna. Co. for Ins. on L. & G. Annuities, 282 Pa. 69; Wissinger v. Valley Smokeless Coal Co., 271 Pa. 566; Lally v. Central R. R. Co., 215 Pa. 436. There was no testimony offered on either side of any recent sales of land similarly situated in this immediate neighborhood, or that there was a general asking or selling price, and, therefore, no basis could be formed therefrom for an opinion of the market value of the land in dispute.

A review of this record does not disclose any error. Assignments are overruled and judgment is affirmed.