DAVID PETRO, p.p.a.
*vs.*
WALTER W. RADCLIFFE

Superior Court          Fairfield County          File No. 58859

MEMORANDUM FILED DECEMBER 26, 1939.

*Henry Greenstein,* of Bridgeport, for the Plaintiff.

*Woodhouse & Schofield,* of Hartford, for the Defendant.

O'SULLIVAN, J. The plaintiff, who is seven years old, has brought this action by his father as next friend. He seeks damages for injuries sustained through the defendant's negligence in operating his automobile. Upon the writ the father indorsed his consent to permit the minor to recover the amount of the expenditures and indebtedness resulting and to result from his son's injuries. This was in conformity with section 1410e of the 1939 Supplement to the General Statutes.

After answering, the defendant added a special defense, which in its amended form, alleges that the cause of the minor's injuries was the negligence of his parents in permitting their son to cross a highway in the face of the obvious danger from the approach of the oncoming automobile. To this special defense a demurrer has been filed which attempts to challenge the right of a defendant to make use of the contributory negligence of the parents to defeat a right to recover their expenses.

When this boy was injured by the defendant's negligence,

two causes of action sprang into existence. One belonged to the minor for the personal injuries he had suffered; the other, to the parents for consequential damages, such as loss of services and expenses, caused by the child's injuries and incapacity. Each cause was independent of the other and each could have been made the basis of a separate action. *Shiels vs. Audette,* 119 Conn. 75.

Apparently in the interest of unnecessary litigation, the Legislature has permitted a minor to recover in an action brought by him the expenses to which his parents have been put. By the indorsement of consent upon the writ they transfer their right to recover to their child. *Hansen vs. Costello,* 125 Conn. 386, 390. It has all the earmarks of an assignment, and every defense which would have been available in a suit brought by the parents to recover their expenses remains available after the assignment. Thus, the minor in the instant case is suing on two causes of action. One is his own, the other is his by assignment.

The negligence of the parents, not being imputable to their son, is no defense to his cause of action, but it is a bar to that cause which is based on the assignment. Parents who permit their young child to cross a public highway unattended may be guilty of conduct which the trier may classify as contributory negligence. If this occurs, they are barred from recovering their expenses. *Rapaport vs. Pittsburgh Railways Co.,* 247 Pa. 347, 93 Atl. 493.

Unfortunately, the special defense is directed against the entire complaint rather than against so much as is concerned with the parents' assignment. The demurrer has attacked it generally. As the defense is good against the assignment, the demurrer must be overruled. *Cashman vs. Meriden Hospital,* 117 Conn. 585, 588.